(122 So. 338)

### Walburga HILL v. DECATUR ICE & COAL CO.  (8 Div. 34.)

Supreme Court of Alabama.   March 21, 1929.

Rehearing Granted April 25, 1929.
Rehearing Denied May 23, 1929.

W. W. Callahan, of Decatur, for appellant.

S. A. Lynne and A. J. Harris, both of Decatur, for appellee.

ANDERSON, C. J. ▮ To recover against the defendant upon the theory of respondeat superior, it was necessary for the plaintiff to establish two distinct facts: First, the status of master and servant; and, second, that the act done was within the scope of the servant's employment.

▮ The relation of master and servant between the defendant and Kloepfer was established; that is, he was an engineer at the defendant's plant. So, the question arises: Was he, when driving the car and injuring the plaintiff, acting within the scope of his employment? The undisputed evidence denies any contractual obligation under the employment of Kloepfer to furnish him the car in question as a means of transporting him to and from his meals and lodging place. But it may be conceded that the evidence, showing the extent to which Kloepfer was using the car, was sufficient to create an inference for the jury that the defendant knew of and impliedly consented to the use of the car by said servant, yet there is no proof that he was using the same for the benefit of or in furtherance of the defendant's interest. From aught appearing, he was using the car for his sole benefit and pleasure, and, even if the use was known to and permitted by the master, it was purely a matter of accommodation. It is true that the answer to an interrogatory shows that when the accident occurred the servant was going from his home or boarding house to the defendant's plant, though he had gone by the drug store to get cigarettes, but this does not show that the said car was being used in furtherance of the defendant's interest. So far as the record discloses, the servant had fixed hours for work, there was no obligation on the master to furnish him transportation to and from his work, or that the use of the car was to enable the servant to give more time to the defendant or to perform duties called for by an emergency.

We find a very interesting rule laid down in 2 Blashfield's "Cyclopedia of Automobile Law," p. 1414, as to when going to and re-

382

turning from meals by the servant in the master's car is within the scope of employment, and which is as follows: "The servant, in going for his meals with his master's car, will not be within the scope of his employment, unless such going or coming is done under a contract of hiring, the usage of which or the terms of which permit the servant to discharge his duties on such terms as suit his convenience, or the master, with full knowledge, acquiesces in the use of the car for this purpose, or consents to the use of the machine to facilitate the labors of the servant in furtherance of the master's interests, so that the jury may reasonably consider that such use is a normal one and contemplated as being a part of the compensation for the employment, and therefore done within its scope, or unless. the contract provides that meals shall be furnished by the master."

The evidence fails to bring this case within the requirement of said rule, as there is no proof of the fact, or which would create a reasonable inference, that the contract required the defendant to furnish the servant the car to go to and return from his meals or home or that the master acquiesced in the use of the car for this purpose in order to facilitate the labors of the servant in furtherance of its interest, so that the jury might infer that such use was a normal one and contemplated as being a part of the compensation for employment, and therefore done within the scope of employment. This holding is supported by the cases of Calhoon v. D. C. & E. Mining Co., 202 Mo. App. 564, 209 S. W. 318; Hartnett v. Gryzmish, 218 Mass. 258, 105 N. E. 988; Nussbaum v. Traung Co., 46 Cal. App. 561, 189 P. 731; Kish v. Cal. Auto Ass'n, 190 Cal. 246, 212 P. 28.

There are cases holding that when injuries occurred while the servant was going to or returning from his meals the master was held liable upon the theory that the servant was acting within the scope of his employment, but these cases can be differentiated from the case in hand and the cases above cited.

The case of Depue v. Salmon Co., 92 N. J. Law, 550, 106 A. 379, involved a contractual obligation to furnish the car to take the servant to and from his home. In addition to this, at that season of the year when the accident happened the work was unusually heavy and the servant had to be there earlier than usual, and the court held that the transportation was beneficial both to the master and servant.

In the case of Snyder v. Eriksen, 109 Kan. 314, 198 P. 1080, the servant had not only been directed to take the master's truck and go for his dinner, but he was working on an emergency job at the fair grounds and it was important that he return from his dinner as soon as possible, and the court held that the truck was being used, at least in part, for the benefit of the master.

We think that, even if it be conceded that the evidence afforded an inference that the car was used with the knowledge or consent of the defendant, the evidence fails to show that it was so used to benefit or promote its interest and the trial court did not err in giving the general charge at its request. It must be borne in mind that this is not a case where a presumption may arise between the master and one employed by him to run the automobile, and the citations of cases dealing with that relationship are inapt. Here, the servant was not employed to drive or handle the car, but was an engineer at defendant's ice plant.

█ The trial court did not commit reversible error in sustaining the objection to the question as to whether Kloepfer had used the car after the accident. Whether objectionable or not, an affirmative answer could not have changed the result, and, if error, it was without injury.

The application for rehearing is granted, the judgment of reversal is set aside, and the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.