147 So. 685

## THE PRAETORIANS v. NELSON.

### 6 Div. 352.

Court of Appeals of Alabama.
April 18, 1933.

H. M. Abercrombie and Mullins, Pointer & Deramus, all of Birmingham, for appellant.

Fort, Beddow & Ray and W. A. Denson, all of Birmingham, for appellee.

RICE, Judge.

Appellee (plaintiff in the court below) had verdict and judgment against appellant in her suit against it claiming damages for personal injuries suffered by her by reason of the negligence, etc., of appellant's "servants or agents."

We have given careful study to the testimony shown by the bill of exceptions. It seems profitless to detail, narrate, or discuss it at length.

The theory of appellee's claim is that she was injured in an automobile collision caused proximately by the negligence, etc., of one J. G. Fulmer, who was driving the car in which she was riding at the time of her injuries, etc., and transporting her, while she was engaged in the line and scope of her employment by appellant; that Fulmer, while doing this, was an "agent or servant" of appellant, acting within the line and scope of his said agency, etc., he having been authorized thereunto, etc., by appellant's alter ego, etc., one E. Y. Adams, its state manager, etc.; and that his said act in so driving for and transporting appellee was in furtherance of an agreement had between her and appellant that she was so to be transported, etc., in carrying out the duties of her employment by appellant as one of its agents for the purpose of writing life insurance, etc. But, waiving all other questions raised here, we observe that the evidence simply fails to afford proof of her complaint.

Nearly everything in the case was disputed; the lawyers called one another "names." But the fact remains that, according literal verity to every word of the testimony purporting to tend in any wise to support appellee's contention, it is without dispute that Fulmer, at the time he was engaged in driving for and transporting, etc., appellee, when she claims she suffered her injuries, was neither the "servant nor agent" of appellant. So appellee cannot recover in this suit.

Appellee's able and astute counsel argue, perhaps plausibly, but we think speciously, that because Fulmer, who had *formerly* been employed by appellant, and who (according to appellee's testimony) had *formerly*, on occasion, driven the *company's car* (also, according to appellee's testimony) conveying appellee about, in the performance of her duties, etc., under her *claimed* agreement with appellant, was there in the company's (appellant's) *office*, upon the occasion here in question, the jury had a right to *infer* that he was, upon this occasion, appellant's *agent*.

We might here well use the language of Mr. Justice Bouldin in the opinion for our Supreme Court in the case of Toranto et al. v. Hattaway, 219 Ala. 520, 122 So. 816, 819, to wit: "Appellee concedes on his [her] own proof the driver was not in the employment of the owner. We cannot sustain the view that the evidence made a case for the jury on some other undefined form of service for which the master could be liable. The affirmative charge was due defendant [the Praetorians]. Its refusal was error." See Tullis v. Blue, 216 Ala. 577, 114 So. 185; and

Hill v. Decatur Ice & Coal Co., 219 Ala. 380, 122 So. 338.

Because of the refusal to give to the jury at appellant's request the general affirmative charge to find in its favor, the judgment is reversed and the cause remanded.

Reversed and remanded.