## MOBILE PURE MILK CO. v. COLEMAN.
### 1 Div. 871.

Supreme Court of Alabama.
May 30, 1935.

Wm. H. Cowan and Geo. S. Taylor, both of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

BOULDIN, Justice.

■ This court will not review the Court of Appeals on its finding of facts, either as to the tendencies of the evidence, or upon the effect of the evidence in considering the giving or refusing of the affirmative charge by the trial court, or the weight of the evidence on review of a ruling on a motion for new trial.

■ The general rule is that this court will not review the ruling of the Court of Appeals in its application of the law to the facts.

Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91. But if the decision of the Court of Appeals affirmatively shows a misapplication of the law to the facts as found by that court, there is presented a misconception of the law of the case, an error of law, subject to review by this court. Home Ins. Co. v. Pettit, 225 Ala. 487, 143 So. 839; Fairbanks, Morse & Co. v. Dees et al., 220 Ala. 41, 126 So. 624; Rochester-Hall Drug Co. v. Bowden, 218 Ala. 242, 118 So. 674; Lancaster v. State, 214 Ala. 2, 106 So. 617.

■ In such case, if the error was the basis of the judgment of the Court of Appeals, a certiorari must be granted, unless it appear that its judgment was correct, notwithstanding such error.

■ In this latter event, this court may and does, if the matter is deemed of sufficient consequence in maintaining harmony of decisions, render an opinion correcting such error, although certiorari be denied. But denying the petition for certiorari without opinion by this court is not to be deemed an approval of all statements of law by the Court of Appeals.

Without reiterating the facts, we refer to the opinion of the Court of Appeals, which should be considered as a whole in this regard.

■ If an employee, whose work for the time is at the plant of his company, lays down his work, and takes his company's car on a trip solely his own, which includes a trip for personal accommodation of a third person, and after completing his errand returns to his work at the plant, the entire trip, going and returning, is without the line and scope of his employment, and his employer is not liable for negligence in operation causing personal injury.

This is the logical view, supported in principle by our own cases, also by text-writers, and the weight of authority. Hill v. Decatur Ice & Coal Co., 219 Ala. 380, 122 So. 338; Dowdell v. Beasley, 205 Ala. 130, 87 So. 18; Huddy, Cyc. Auto. Law (9th Ed.) vol. 7-8, § 96, p. 261; 2 Berry, Automobiles (6th Ed.) § 1369; Fletcher v. Meredith et al., 148 Md. 580, 129 A. 795, 45 A. L. R. 474.

■ While the ownership of the car raises an administrative presumption that it is being operated in the owner's business, when the evidence, clearly and without conflict, shows it was not being so operated, and the circumstances do not support a reasonable inference to the contrary, this administrative presumption, one merely for convenience in placing the burden of proof, gives way, and the employer is entitled to an affirmative instruction with hypothesis. Tullis v. Blue, 216 Ala. 577, 114 So. 185.

The case of Blackmon v. Starling, 222 Ala. 87, 130 So. 782, holds nothing to the contrary. The rule there stated, as its language imports, has application to cases where the car is being operated in the employer's business, but the driver deviates therefrom upon a personal mission, then returns to the sphere of the employer's business. In such case, it often becomes a jury question whether and to what extent there has been an abandonment of the employer's business, whether both the personal mission and that for the employer are being performed concurrently, and, if not, just at what point on the trip the driver had returned to the work of his employment. This is illustrated by the facts of the Blackmon Case, and others there cited.

■ But we are not convinced the Court of Appeals has misconstrued or misapplied these principles.

Emphasis is given to the fact that here the manager of the company was the actor, and the car was owned by his wife, for whose use he drove it on this trip.

We understand the Court of Appeals to hold the company had the unreserved use, an exclusive possessory right to its use as the company's business required.

Still, the manager, the car not being used for the time in the company's business, drove it to the owner for her present use, then drove it back. The case seems the same as if the manager, a separate person, had directed the chauffeur to take the car to Mrs. Barman, and bring it back when she had finished her errand.

If, under the joint arrangement as to the use of the car, there was a contractual obligation, express or implied, that the car be sent to Mrs. Barman, when not in use in the company's business, clearly taking the car to her and bringing it back would be in the line of the driver's employment at the time. If there was no such contractual obligation, but, because of her ownership of the car, the company, through its manager, deemed it a moral obligation to send her the car, and did so, while going and coming it was on a mission for the company. So, under all the circumstances of the case, it does not affirmatively appear the Court of Appeals was in error in holding it a question for the jury to say whether the manager, himself operating the car at the time of the injury, was in

the line and scope of his employment. Was his relation to the company and the status of the car such as to support a conclusion that he was not outside his authority, as the representative of his company, in taking the car to Mrs. Barman, and returning it to the plant?

The facts disclosed in the opinion of the Court of Appeals cannot be held to affirmatively disclose a misapplication of the law in holding the liability of appellant to be a jury question.

■ While this court condemns the injection of liability insurance into this class of cases, unless it becomes necessary to fully present the issues involving some legal right of the plaintiff, we cannot say the Court of Appeals misconceived or misapplied the law in this regard by admitting in evidence the liability policy taken out by the manager in the name of defendant company.

The writ of certiorari will, therefore, be denied. If the Court of Appeals, on reading this opinion, and while the cause is still within its jurisdiction, concludes the cause should be further considered in the light of this opinion, it has full power so to do.

Writ denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.