## KIRTLAND v
## INTERSTATE MOTOR FREIGHT SYSTEM

Ohio Appeals, 6th Dist, Lucas Co

Decided May 25, 1936

Fraser, Effler, Shumaker & Winn, Toledo, for appellant.

Williams, Eversman & Morgan, Toledo, Squire, Sanders & Dempsey, Cleveland, Henry A. Middleton, Toledo, and Donald C. Marshman, for appellee.

## OPINION

By LLOYD, J.

On December 12, 1933, the appellant, Florence D. Kirtland, as administratrix of the estate of John E. Kirtland, commenced an action in the Court of Common Pleas of Lucas County against the appellee, Interstate Motor Freight System, a Michigan corporation engaged as a public utility in the transportation of freight by means of motor trucks and trailers over the highways of Michigan, Ohio, and other states.

On Saturday, July 1, 1933, Kirtland, proceeding northerly in a Ford automobile on a highway known as Telegraph Road, was killed in a collision with a motor tractor and trailer operated by John Devenney,

proceeding southerly on such highway. The allegations in appellant's petition that Devenney was the servant or agent of appellee at the time of the collision were denied by appellee, as were also the various allegations therein of any negligence on the part of appellee. At the trial the usual motions were made by appellee for a directed verdict, and these being overruled the jury returned a verdict in favor of the appellant for $50,000. Thereupon judgment was entered in favor of the appellee on its motion for judgment notwithstanding the verdict, on the theory that the facts in evidence conclusively and indisputably showed that Devenney was an independent contractor and not an agent or servant of appellee at the time of the occurrence in question. Appellee's motion for a new trial was then overruled. Appellant appeals to this court, alleging as error the entry of the judgment on the motion therefor, the contention being that the evidence tended to prove that Devenney at the time of the collision was acting for and in behalf of appellee, and that this question of fact should have been submitted to the jury.

The evidence does show that Devenney lived on Detroit Avenue in Toledo and owned the tractor and trailer operated by him, and that he had hauled freight of the appellee since January, 1933; and from then to the date of the collision had hauled freight for no other company. At the time of the collision he was receiving approximately 61% net of the freight charges collected by appellee on the freight carried by him. On July 1, 1933, he hauled a load of freight from Muncie, Indiana, to Detroit, and after delivering it to various consignees "went back to the interstate dock," when, in his words, he "waited around to see if they would have a load of freight for me." He waited about two hours and then left for home in Toledo. When about to leave, the Detroit dispatcher told him that there was a small amount of freight for Toledo that he could take along. Devenney answered him that he "was going home for the week-end and didn't want to bother with it."

His testimony is:

"When he said 'a small amount,' I didn't bother with it. * * * He said 'Do you want to take the Toledo freight with you?' and I said 'no.' * * * He then told me there was a little freight at Toledo and they expected some in from Cleveland, and that I might get a load out of Toledo, and I

could call up when I got there and find out."

Devenney told the dispatcher that he would pick it up "if it was there." Thereupon, after this conversation, at about 5:30 in the afternoon, he left Detroit for Toledo. On his way back to Toledo he purchased some tobacco for himself, some watermelons and supplies to take home, and some gasoline.

The collision with Kirtland's car occurred in Michigan about 45 miles south of Detroit. We find in the record no evidence that Devenney was contractually bound to haul any freight for appellee except when and as he chose, and that he was under no obligation to carry the freight which the dispatcher told him he might find in Toledo on his arrival there. The uncontradicted evidence is that his purpose and intention upon leaving Detroit was to spend the week-end at home, and that the hauling next day of any freight there might be in Toledo was incidental and unconnected with his going home, and optional with him.

In the instant case, therefore, the questions of whether Devenney was an independent contractor, and, if so, the responsibility of appellee, if any, arising therefrom, or whether he was a servant or agent of appellee, are unimportant. Whatever may be contended in these respects, the uncontradicted evidence effectively shows that at the time of the collision he was engaged in no business or service of appellee, but was acting exclusively in his own behalf and for his own purposes.

The judgment of the Court of Common Pleas is affirmed and the cause remanded thereto for execution for costs.

Judgment affirmed.

OVERMYER and CARPENTER, JJ, concur.