174 So. 478

### KOONCE et al. v. CRAFT.
### 8 Div. 786.

Supreme Court of Alabama.

March 25, 1937.

Rehearing Denied June 3, 1937.

---

[1] 233 Ala. 533.

Fred S. Parnell, of Florence, for appellee.

A. A. Williams, of Florence, for appellants.

THOMAS, Justice.

The suit was for damages resulting from an automobile collision.

The assignments of error challenge the action of the trial court (1) in refusing to give the general affirmative charge, and (2) in overruling the motion for a new trial.

The suit was by W. L. Craft against E. R. Koonce and W. O. Perritt, doing business as Koonce-Perritt Chevrolet Company, and Vera Martin, the bookkeeper of said firm.

The contention of appellants is that Miss Martin was on a private mission and not within the line and scope of her employment when the collision occurred, and that her principal is not liable for any negli-

gence on her part that contributed to such injury and damage.

The appellee, on the other hand, contends that there was evidence affording a reasonable inference that at such time and place Miss Martin was driving appellants' car and engaged in a mission for the defendant partnership.

Several propositions, established by this court, are now to be considered.

█ It is declared that the burden of proof is on the plaintiff, not only to show agency, but to show that the agent, at the time of the collision or injury, was acting within the line and scope of his or her authority. Many cases to this effect are collected in Hill v. Decatur Ice & Coal Co., 219 Ala. 380, 122 So. 338; St. Louis-San Francisco R. Co. v. Robbins, 219 Ala. 627, 123 So. 12; Gulf Refining Co. v. McNeel, 228 Ala. 302, 153 So. 231.

█ It is further established that, when an agent is engaged in a service for the master, whatever is done to that end, or in the furtherance of his employment, is deemed an act done within the scope of the agent's employment. It follows that the agent's conduct must not be the result of, or impelled by, wholly personal motives, but done in the promotion of the business of his employment. St. Louis-San Francisco R. Co. v. Robbins; Gulf Refining Co. v. McNeel, supra; Jewell Tea Co., Inc., v. Sklivis, 231 Ala. 590, 165 So. 824.

The question presented for decision is whether or not Miss Martin, who was employed by defendants as bookkeeper, was sent, by express or implied authority, on an errand for that company when the accident and injury occurred? A tendency of the evidence indicated that she sometimes went on errands for the company. Does this evidence, alone, raise the administrative presumption that at the time of the accident she was acting within the line and scope of her employment? The decision in Hill v. Decatur Ice & Coal Co., 219 Ala. 380, 122 So. 338, is to the contrary, holding that "In action for injuries on being struck by automobile of defendant while being driven by defendant's employee returning from his home to defendant's plant, evidence held not to establish that automobile was being used in furtherance of defendant's interests, even though warranting inference that automobile was used with knowledge or consent of defendant, and hence no recovery could be had against defendant." 219 Ala. 380, 122 So. 338, headnote 2.

This view was followed in Mobile Pure Milk Co. v. Coleman, 26 Ala.App. 402, 161 So. 826, and on petition for certiorari to the Court of Appeals (Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 434, 161 So. 829) this court, speaking through Mr. Justice Bouldin, said:

"If an employee, whose work for the time is at the plant of his company, lays down his work, and takes his company's car on a trip solely his own, which includes a trip for personal accommodation of a third person, and after completing his errand returns to his work at the plant, the entire trip, going and returning, is without the line and scope of his employment, and his employer is not liable for negligence in operation causing personal injury.

"This is the logical view, supported in principle by our own cases, also by textwriters, and the weight of authority. Hill v. Decatur Ice & Coal Co., 219 Ala. 380, 122 So. 338; Dowdell v. Beasley, 205 Ala. 130, 87 So. 18; Huddy, Cyc.Auto.Law (9th Ed.) vol. 7–8, § 96, p. 261; 2 Berry, Automobiles (6th Ed.) § 1369; Fletcher v. Meredith et al., 148 Md. 580, 129 A. 795, 45 A.L.R. 474." 230 Ala. 432, 434, 161 So. 829, 830.

W. O. Perritt, one of the defendants below and one of the appellants here, testified, among other things, that "This company is a partnership composed of W. O. Perritt and E. R. Koonce. We two are the managers of the business and we had no other manager in May, 1932. Koonce and Perritt are the only members of the firm. I know Miss Vera Martin who is now Mrs. Vera Martin Stein. She was employed by our firm as bookkeeper. She was employed as bookkeeper at the time of this accident. I was not in the office at the time the accident happened, but I was in the office that morning. Miss Martin went on errands when it was necessary for me to send her. I sent her on occasions to different places and occasionally sent her out for something. Collecting was not a part of her duties as bookkeeper. She had no authority to go out and collect except on occasions when I sent her. On the day this accident happened I did not send Miss Martin on a mission with our car. I did not know she was going on a mission. I did not send her to collect anything on that day. She was not on a mission for Koonce

and Perritt. I did not know of her going away with the car."

E. R. Koonce, the other defendant-appellant, testified, in part, as follows: "I had forbid the employees including Miss Martin prior to the date of this accident to use the company cars for their own business. I most positively instructed Miss Martin before this accident not to use the company cars for her private affairs. This rule was in force at the time of this accident. I do not know where Miss Martin was going at the time of the accident except from hearsay. I had not sent her anywhere, I was not even there. I had not sent her anywhere in our car on that day. I was not at the office at that time. I was there late in the afternoon. I did not know she was going anywhere in our car. Mr. Perritt and myself were the only ones in charge of the business. No one else had authority to give Miss Martin permission to use one of the company's cars on this occasion or on any other occasion."

The testimony of Miss Martin touching her authority is as follows:

"This company is owned by E. R. Koonce and W. O. Perritt. They were the owners and managers. My duties were those of a bookkeeper and stenographer. At the time of the wreck I was driving one of the company's cars. I had started home to dress. It was round the middle of the afternoon. Koonce and Perritt had not sent me home for anything, I was going home to dress, to change clothes. I was on business for myself. They nor either of them sent me. They were not there at the time I left. I just got in the car and started home and they did not send me. They did not know I was going. I was not on any business for the company. I was on business for myself. * * *

"I had been employed by Koonce & Perritt about a year at the time of the accident. During that time I had driven their cars a number of times on the company's business. They usually gave me permission to use their cars for the company's business. They did not permit me to go home in their cars. I never asked them to let me go home in their cars. I did not have a general permission to use their cars at any time I desired.

"The witness was asked this question: 'Don't you know as a matter of fact, that any time you wanted an automobile that you just went out there and got one?'

"Ans. 'I never would drive them except with their permission on their business, business for the company.' * * *

"I had never asked permission to go in their car on personal business. I went home during work hours on the occasion of the collision. I didn't quit work until five o'clock. At three o'clock I got in the company's car and went home. I went back to work after the accident, back to Koonce & Perritt's."

A tendency of the evidence affording an inference to the contrary is found in the testimony of Earl Beasley, who said: "She used the company's automobiles on business. To the best of my knowledge she went out to collect and used company automobile. I have known it to happen that she would go to the bank to make deposits and use the company's automobile. Yes, Mr. Koonce and Mr. Perritt had knowledge she was using these automobiles. She would also go to the post office and run other errands, driving company automobiles. She drove first one car and then another."

This witness, being cross-examined, was asked, and answered:

"Q. You mean she told you at the time that she went out and had this wreck that she went out to collect a bill? Ans. Just heard her make that remark, she wasn't talking to me direct.

"Q. Where was she? Ans. At the office.

"Q. Who was present? Ans. W. T. Reynolds was one and I think Mr. Perritt and Fred Carruthers, I am not positive about that, that was when they were figuring on bringing the car in, I am not positive about who was there."

The witnesses, W. T. Reynolds and Fred Carruthers, testified that Miss Martin made no such statement, nor did that witness hear her say she went out to collect a bill on the trip resulting in the collision.

█ The contradiction in the evidence made a jury question under the decisions of this court. McMillan v. Aiken et al., 205 Ala. 35, 40, 88 So. 135; Jones et al. v. Bell, 201 Ala. 336, 77 So. 998; Louisville & Nashville Railroad Company v. Courson, ante, p. 273, 174 So. 474.

The affirmative charge requested in writing by the defendants was properly refused.

█ We are brought to the consideration of the motion for a new trial on the ground that the verdict was contrary to the

282

great weight of the evidence. Nashville, Chattanooga & St. Louis Railway v. Crosby, 194 Ala. 338, 70 So. 7; Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Watson et al. v. Hardaway-Covington Cotton Co., 223 Ala. 443, 137 So. 33; Birmingham Electric Co. v. Guess, 222 Ala. 280, 131 So. 883; Alabama By-Products Corporation v. Cosby, 217 Ala. 144, 115 So. 31. We hold that the motion for a new trial, on the whole evidence, should have been granted on the last indicated ground, though the affirmative charge was correctly refused. Commonwealth Life Ins. Co. v. Brandon, 232 Ala. 265, 167 So. 723; Alabama Midland Railway Company v. Johnson, 123 Ala. 197, 26 So. 160.

The judgment of the law and equity court is therefore reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN, and KNIGHT, JJ., concur.