### TERMINAL TRANSPORT CO., Inc., v. FOSTER.

#### No. 12024.

Circuit Court of Appeals, Fifth Circuit.

Nov. 21, 1947.

Francis H. Hare, of Birmingham, Ala., for appellant.

Wade H. Morton, of Birmingham, Ala., for appellee.

Before McCORD, WALLER, and LEE, Circuit Judges.

McCORD, Circuit Judge.

The plaintiff, under the Alabama homicide statute, Code 1940, Tit. 7, § 119, recovered a judgment against the defendant for the wrongful death of plaintiff's child. The deceased child, a girl five years old, was alleged to have been killed as a result of the negligence of one Sam Hardeman, a truck driver employed by the defendant, while acting within the line and scope of his employment. The complaint contained two counts; the first for simple negligence, and the second for wanton injury, resulting in death.

The defendant interposed two defenses: (1) the general issue, and (2), that if one

of its motor vehicles was involved in the accident which caused the death of plaintiff's child, the defendant's agent or servant operating its truck had deviated from his employment and was pursuing an independent and personal errand of his own.

The evidence shows that the deceased child, with an elder brother of the age of thirteen years, had walked along 12th Street South, in Birmingham, Alabama, for a distance of approximately one-half block, and they had then turned into and walked along Avenue C, hand in hand, for a short distance, when a truck traveling in the same direction overtook them and ran over the deceased, Lucile Foster, and killed her. The truck ran close to Jesse, the brother, but he fell backwards and away from the truck and thereby escaped injury. After the accident Jesse ran immediately to the aid of his stricken sister, and was consequently unable to describe the truck, except as to general color and type. There was evidence that the driver did not blow his horn as he overtook the children, and that the truck was upon them before they were aware of its presence. The driver did not stop at the scene of the accident, but continued along Avenue C to 11th Street South and there turned left in a southerly direction. Jesse testified that after the truck passed the place where the accident occurred a negro man opened the left door of the driver's cab and looked back. The speed of the truck at the time of the accident ranged from ten to thirty-five miles per hour, according to the testimony of several witnesses. Two witnesses identified the truck as belonging to the defendant, and the driver was identified by another witness as Sam Hardeman, an employee of defendant. The accident occurred at approximately 9:30 A.M., and it was shown that no other trucks or vehicles were parked near or passing by the scene of the accident at this time. It was further shown that there were some packages in the truck at the time of the accident which the driver was delivering for the defendant in various sections of the city. The evidence was in dispute as to whether packages were being delivered in the vicinity of the accident at the time the child was killed.

The defendant offered evidence tending to show that its truck driven by Sam Hardeman was not the truck involved in the accident. Two witnesses testified that at the time the accident occurred they saw the defendant's truck and driver delivering packages in a section of the city relatively far removed from the scene of the accident. The defendant's manager further testified that neither the truck nor the driver had any business or errand for the defendant in the vicinity of the accident at the time it took place.

Appellant assigns as error the action of the trial court in permitting counsel for plaintiff to ask Sam Hardeman, the defendant's driver, if he was not then under indictment for killing Lucile Foster. Hardeman had testified that he was not the driver of the truck involved in the accident, and the above question was admissible to show the interest of the witness, and his bias or prejudice. Louisville & N. R. Co. v. Martin, 240 Ala. 124, 198 So. 141; Adler v. Miller, 218 Ala. 674, 120 So. 153.

Counsel for the plaintiff, in his argument to the jury, made the following statement: "I say under the undisputed evidence that this negro man driving that truck committed murder".

The court overruled defendant's objection to the above remark, and ruled, "I will let you state to the jury he committed a homicide." Thereupon counsel for defendant moved for a mistrial on account of the prejudicial ruling, which motion was by the court overruled.

It becomes manifest that the above argument was highly prejudicial, and the court's failure and refusal to direct the jury not to consider it was error. The evidence was in dispute as to whether the defendant's truck and driver were at the place of the accident when it occurred. Moreover, the witness Hardeman, the driver of the truck, had been indicted for killing the child, but he had not been tried for such offense. The court's subsequent remark to counsel for plaintiff, "I will let you state to the jury he committed a homicide", did not at all cure the error.

■ In his oral charge to the jury, the court stated, "I charge you that that is the law, and, further, that that presumption, the presumption that arises from the fact that the truck belonged to the defendant and that the driver was the defendant's driver, I charge you that presumption can be overcome only by proof which is clear, strong and convincing and undisputed, * * *". This charge placed upon defendant a burden which it was not legally called upon to bear. There was, of course, the presumption, arising from proof of ownership of the truck and employment of the driver by the master, that the driver was at the time and place of the accident operating the truck on the master's business. However, the defendant was not required to rebut this presumption by proof which was "clear, strong and convincing and undisputed," but was only required to reasonably satisfy the jury that at the particular time and place of the accident the driver was not on the defendant's business. A requirement that the defendant's evidence in rebuttal of the presumption be undisputed is necessary in order to justify the giving of a directed verdict for a defendant, but is not necessary to rebut the presumption before the jury. Jefferson County Burial Society v. Cotton, 222 Ala. 578, 133 So. 256; Blackmon v. Starling, 222 Ala. 87, 130 So. 782; Tullis v. Blue, 216 Ala. 577, 114 So. 185; Cruse-Crawford v. Rucker, 220 Ala. 101, 123 So. 897; Mobile Pure Milk Co. v. Coleman, 26 Ala.App. 402, 161 So. 829.

■ There was evidence from which the jury was warranted in returning a verdict for punitive damages, and the court's refusal to strike the wanton count did not constitute error.

One of the important issues was whether the defendant's driver had deviated from his employment by leaving his assigned route for delivering the defendant's packages, and all evidence touching this issue was important and relevant. We do not pass upon the various questions presented in the record touching this issue, as they will probably not arise on another trial.

For the errors pointed out the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.