### WARE v. ROADWAY EXPRESS, Inc.
### No. 4867.

United States District Court
W. D. Missouri, W. D.
Oct. 29, 1948.

Charles W. Hess and Terrell & Slaughter, all of Kansas City, Mo., for plaintiff.

Reed O. Gentry, Lyman Field and Mosman, Rogers, Bell & Field, all of Kansas City, Mo., and Edward L. Scheufler, of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This case was tried without the intervention of a jury. At the conclusion of plaintiff's evidence the court, having evinced a purpose to grant defendant's motion for a directed verdict, counsel for plaintiff courteously requested the court to permit the submission of memorandum briefs on the question relating to the sufficiency of proof. This request was granted. Zealous counsel on both sides have accordingly submitted briefs and arguments in support of their respective positions.

On May 16, 1947, the plaintiff was a passenger in an automobile driven by one James Obert on Highway No. 40, and at a place a short distance west of St. Louis she was seriously injured in an accident. The three other occupants of the automobile were killed.

It is alleged in the complaint that the said "James Obert was an agent servant and employee of defendant herein and at all such times mentioned herein was acting within the scope of his employment by the defendant; that * * * while engaged in the joint business of himself and the defendant, the aforesaid Obert was operating an automobile along and over United States-Missouri Highway No. 40, at a point approximately six miles west of Wentzville, Missouri; that at said time and place defendant was operating said automobile in a highly dangerous and careless manner and at a high and dangerous rate of speed, with complete disregard for the safety of plaintiff; * * *."

There were other averments of alleged negligence on the part of the said Obert but the above is sufficient for the purposes of this memorandum. There is no question but that the accident happened in the manner alleged by the plaintiff and that she was seriously injured in said accident. The evidence, however, fixes the relationship between the said James Obert and the defendant different from that alleged in the complaint. It should be determined whether, as alleged in the complaint, the said James Obert was acting in the capacity of an agent and employee for the defendant at the time of the tragedy. Admittedly the said Obert's acts, if any, at the time were pursuant to a "Lease and Operating Agreement" with the defendant dated November 4, 1946. The said Obert in the agreement was designated as the "lessor" and the defendant as the "lessee." An important provision of the agreement is found in paragraph 3 of the agreement as follows:

"Lessor (James Obert) agrees to maintain said equipment in first class and safe operating condition and at lessor's expense procure all license and permit tags or plates required for the operation of equipment, and pay all taxes assessed against the equipment, pay all operating expenses, assume and indemnify Roadway Express, Inc., against liability or expense for work done, materials or appliances used or purchased in discharge of lessor's covenants, and loss or damage to the property of Roadway Express, Inc., or damage to any cargo being transported by lessor for Roadway Express Inc., that may result from defective equipment or the *negligence of lessor*." (Italics mine).

Paragraph 5 of the contract is as follows:

"It is further understood and agreed that while the foregoing equipment is under the direction and control of Roadway Express, Inc., it shall be operated by the lessor or his representative while in the employ of Roadway Express, Inc." This was followed by a stipulation that the defendant, the lessee, would "pay the lessor for the use of the above equipment described in clause 2 * * *."

It may be observed from the agreement that the said James Obert had leased to the defendant certain equipment and truck, or trucks, for its use as a carrier of merchandise over the roads and highways of Missouri and other states. For that purpose it

held certificates of convenience and necessity and franchises for its operations.

At the time of the accident James Obert was driving to St. Louis, as it is claimed by plaintiff, to perform duties owed by him on his contract with the defendant. Counsel for plaintiff expresses the relationship of the parties in his brief in the following language (plaintiff's memorandum filed August 6, 1948, at top of page 3):

"Nevertheless, it was Obert's duty among other things to 'maintain said equipment in first class and safe operating condition;' to assume and indemnify the defendant company against liability or expense due to 'damage to any cargo being transported by lessor for Roadway Express, Inc., that may result from defective ·equipment or the *negligence of lessor*' (Italics mine); and to furnish a driver for said equipment or to drive it himself."

Counsel then sets forth the testimony with respect to the purpose of the trip to St. Louis as follows:

"The testimony of· the only available witnesses shows that Obert's intent in making the trip to St. Louis *was in furtherance of the last named duty, that of furnishing a driver or driving the equipment himself.*" (Italics mine.)

1. It will be noted from the foregoing that the said James Obert as an individual contractor occupied one sphere of action in respect of the carrying operations and the defendant another. Under the contract it was the duty of lessor to maintain the equipment, furnish drivers, and to indemnify the defendant for his negligence. The lessee (defendant), on the other hand, was entirely responsible for damages resulting from negligence in the actual operation of the equipment on its behalf regardless of who the operator was. Apparently it recognized that fact and required the lessor to indemnify it for negligence for which it might be held responsible although. committed by the lessor or some one acting for him in the actual hauling operations.\

2. It was the duty, therefore, of the said James Obert, acting within his sphere of the agreement, to keep the equipment in repair and to furnish drivers for the leased trucks. Assuming, therefore, that he was on his way to St. Louis with the general object of looking after the equipment or providing a driver for the equipment, it is clear from the contract that he was performing no duty for and on behalf of defendant but obviously was discharging an obligation he alone owed under the contract with respect to the equipment.

3. The cases cited by counsel for plaintiff are correct. In each case the damage accrued by reason of the actual operation of the leased equipment. While the defendants in such cases were operating the equipment or causing it to be operated in the performance of their purposes, they obviously would be liable for damages accruing to third persons although the lessor in each case might have been responsive to the lessees.

4. The evidence did not show, however, that the said James Obert was on the way to St. Louis in relation to his duties under the contract. It appeared without the shadow of a doubt to have been a pleasure trip. It would have been proper to have granted the motion for a directed verdict at the conclusion of the trial and same is done now.