87 So.2d 825

**Priestley B. B. HAYS**

v.

**DEATON TRUCK LINE, Inc., et al.**

6 Div. 884.

Supreme Court of Alabama.

Jan. 12, 1956.

Rehearing Denied June 14, 1956.

J. Terry Huffstutler, Birmingham, for appellant.

**444**

Sadler & Sadler, Birmingham, for appellee Deaton Truck Line.

Bryan A. Chancey, Birmingham, for appellee Compton.

R. Clifford Fulford, Birmingham, amicus curiae.

SIMPSON, Justice.

This is an appeal from a judgment of nonsuit suffered by the plaintiff after the court sustained the demurrers of the defendants to the complaint.

Suit arose out of an accident involving the automobile of the plaintiff and a truck owned by the defendant Compton while under lease to defendant Deaton Truck Line, Inc. The complaint as amended— Count A in simple negligence, Count B in wantonness—alleges that on December 4, 1953, the truck involved was owned by Compton and driven by John McWhorter under lease for hauling motor freight for Deaton Truck Line; that on December 3 McWhorter had completed a delivery at Deaton's terminal in Birmingham, Alabama, had dropped his trailer there and had received instructions that he was to pick up his next load at Tuscaloosa at 7:00 the following day, December 4; on the evening of December 3 McWhorter was also informed that his baby daughter was ill and that he was needed at home, Blountsville, Alabama—a town northeast of Birmingham.

The complaint further alleges that McWhorter drove the truck without its trailer home on that night; that on the morning of December 4 McWhorter left his home and was proceeding en route to Birmingham to get the trailer and to proceed to Tuscaloosa to pick up the load when the accident happened. The complaint also al-

leges that McWhorter made out trip tickets to Blountsville and return to Birmingham for his truck and trailer, not for the truck alone. These were filed with Deaton and mileage tax thereon was paid by Deaton but, as stated, showed that the truck and trailer had made the trip.

Both defendants assigned as grounds of demurrer *inter alia* that the driver Mc-Whorter was not shown to have been acting within the line and scope of his employment on the occasion of the accident.

In construing a lease similar to the one before us, this court in Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So.2d 464, leaned to the view that when carrying out his duties under the terms of said lease, the truck owner was a servant or employee of Deaton rather than an independent contractor. In our view this relationship is not changed by the owner's employment of a driver. The master-servant relationship continues with Deaton and the owner as the servant-driver's master. The driver would be the servant for both. Cf. Deaton Truck Line v. Acker, 261 Ala. 468, 74 So. 2d 717.

In the Stevens case, supra, at 256 Ala. 233, 54 So.2d 468, it was stated:

"* * * such status or relationship in and of itself was not sufficient to make Deaton liable for the negligence of Roberts [owner-driver] under all circumstances. To recover against Deaton upon the theory of *respondeat superior* it was incumbent upon plaintiff to show that the act done was within the scope of Robert's employment and was committed in the accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him by his employer. Smith v. Brown-Service Ins. Co., 250 Ala. 613, 35 So.2d 490."

So the question for decision is whether or not driver McWhorter, on the occasion complained of, was acting within the line and scope of his employment or engaged in the accomplishment of objects in or about the duties of the business of hauling freight. We think not. At the time of the accident McWhorter was returning from a strictly personal mission, a visit to his home. He had abandoned work for his employer Compton and for Deaton when he dropped his trailer at the terminal, and had not resumed his duties at the time of the accident. His trip to Blountsville and return was of no benefit to them. Stevens v. Deaton Truck Line, supra; Smith v. Brown-Service Ins. Co., 250 Ala. 613, 35 So.2d 490; Schoenith, Inc., v. Forrester, 260 Ala. 271, 69 So.2d 454; Bell v. Martin, 241 Ala. 182, 1 So.2d 906, and authorities cited; United States Steel Co. v. Butler, 260 Ala. 190, 69 So.2d 685.

We do not find in this jurisdiction a case with the identical factual situation, but as we have often said each case must be ruled by its own peculiar or particular facts. However, as we view it, the foregoing authorities and many others which could be cited point to the correctness of our conclusion. The Bell v. Martin case, supra [241 Ala. 182, 1 So.2d 908], holding the master not liable because the agent-driver of the truck had temporarily abandoned his employer's business and had not resumed it when the accident happened, contains several apt quotations, such as the following from 122 A.L.R. 873–874:

"'In *Southwest Dairy Products Co. v. DeFrates* (Tex.) [132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854] * * * wherein a servant had departed from his duties in order to drive home for his supper, and an accident occurred while he was returning to take up his duties again, the court declared it was unable to adopt the proposition that when a servant has completed the purpose for which he departed from his master's business and is returning to resume the duties of his employment, he is, while so returning, engaged in the master's business and that the master is therefore liable for injuries caused by his negligence on the return trip. The court said that the master's liability did not rest alone upon the purpose in the mind of the servant, and that the return was referable to and an inci-

dent of the departure. Moreover, the fact that the servant owed the duty to the master of returning the car and resuming his employment, and while returning to the zone of his employment was discharging that duty, was declared not to fix liability against the master.

" 'Moreover, in the following cases, where a trip was from its inception entirely in the interests of the servant, the view has been taken that neither in the going nor in the returning was the driver acting within the scope of his employment so as to render the owner liable:

" 'Alabama.—See also Mobile Pure Milk Co. v. Coleman, 1935, 230 Ala. 432, 161 So. 829, denying certiorari in 1935, 26 Ala.App. 402, 161 So. 826.' "

While the instant case does not present a situation where the servant temporarily deviated from his duty, it is quite analogous. McWhorter had never entered upon any business for his master on this particular occasion. He was merely returning to Birmingham to enter upon that duty. The fact that he was in a Deaton truck which was to later be used in the business for Deaton would not change the status. It would have been all the same had he been in his own or a borrowed conveyance. The simply stated rule controlling is that:

" * * * an employee using an automobile, whether belonging to his master or to himself, in going to and from his place of work is not at such times regarded as engaged in work for his master but is acting solely for his own purposes. Smith v. Brown-Service Ins. Co., 250 Ala. 613, 35 So.2d 490." Schoenith, Inc., v. Forrester, 260 Ala. 271, 69 So.2d 454, 459.

See also Stevens v. Deaton Truck Line, supra; Ware v. Roadway Express, Inc., D.C.Mo., 81 F.Supp. 893; Kirtland v. Interstate Motor Freight System, 53 Ohio App. 459, 5 N.E.2d 707.

With reference to a similar situation the court observed in the Ware case, supra [81 F.Supp. 895]:

"It was the duty, therefore, of the said James Obert [driver-owner-lessor], acting within his sphere of the agreement to keep the equipment in repair and to furnish drivers for the leased trucks. Assuming, therefore, that he was on his way to St. Louis with the general object of looking after the equipment or providing a driver for the equipment, it is clear from the contract that he was performing no duty for and on behalf of the defendant (truck line) but obviously was discharging an obligation he alone owed under the contract with respect to the equipment."

And in the Kirtland case, supra, the Ohio court held to the following effect:

"The owner of a tractor and trailer, hauling freight for a trucking company on a percentage basis and under no obligation to continue hauling, or to haul any freight except when and as he chose, is not acting as agent or servant of the trucking company after leaving a delivery point of a shipment of freight and proceeding to his home, when at the time he was hauling no freight, although privileged to collect a shipment for the trucking company in his home town the next day. Such facts establish conclusively that the owner of the truck was acting exclusively in his own behalf and for his own purposes." (Syllabus.)

Appellant further contends that Deaton's payment of the mileage taxes on the Blountsville trip amounts to ratification. In his complaint appellant alleges only payment of the taxes and makes no allegation with reference to any ratification of the acts of McWhorter. We therefore deem the pleadings insufficient to support his argument for at least the following two reasons: (1) It does not affirmatively appear that Deaton had full knowledge of the facts surrounding the accident at the time of the tax payment and (2) an intent to ratify is

not necessarily inferred from the facts alleged. 52 Am.Jur. 455, § 115; 2 C.J.S., Agency, § 47(b), p. 1094; Birmingham News Co. v. Birmingham Printing Co., 209 Ala. 403, 96 So. 336. In the state of the pleading the ultimate fact of ratification should have been averred. Screws v. Williams, 230 Ala. 392, 161 So. 453.

Moreover, construing the pleadings most strongly against the pleader, it could be well assumed that Deaton had no knowledge that these trip tickets had reference to McWhorter's trip to and from home, since the tickets showed four axles and since McWhorter was on no business for Deaton or his immediate superior, Compton, it cannot be reasonably implied that Deaton would have thus ratified any such conduct into liability against itself.

The amicus curiae brief argues that the filing of the trip tickets has some evidentiary value of showing agency on the part of McWhorter and that he was acting in line of duty when the accident occurred. We cannot agree. The trip tickets describe an entirely different status, namely, a truck and trailer. In the face of the allegations of the complaint showing clearly that McWhorter was on a personal mission and in no way acting as agent for his master or in behalf of the business of hauling freight for Deaton, these trip tickets were not sufficient to warrant the stated inference.

Appellant argues that if the relationship of master and servant does not obtain that the relationship between Deaton and Compton was that of joint venturers, but even so, if, when the accident occurred, McWhorter was not on business for the venturers, but on a personal mission of his own, as appears from allegations of the complaint, his negligence in causing the accident could not be attributed to the venturers.

We find no error in the ruling below.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.