160 So.2d 645

**Addison FRANKLIN**

**v.**

**TRUCK AND AUTO RENTALS, INC.**

**Addison FRANKLIN**

**v.**

**Henry MORRIS.**

**6 Div. 954, 954–A.**

Supreme Court of Alabama.

Dec. 12, 1963.

Rehearing Denied Feb. 20, 1964.

Rives, Peterson, Pettus & Conway, Birmingham, for appellant.

Jas. C. Barton, Deramus & Johnston, Birmingham, for appellees.

SIMPSON, Justice.

Actions by Truck and Auto Rentals and Henry Morris in tort for property damage and personal injuries, respectively. Verdicts were returned and judgments duly entered thereon in the amounts of $3,000.00 and $600.00 respectively in favor of Truck and Auto Rentals, and Henry Morris. The two cases were consolidated for appeal in this Court by order of the Chief Justice of this Court and the Presiding

Judge of the Court of Appeals. The cases involve identical questions and will be considered together.

The sole question to be decided is: Whether there was a scintilla of evidence to go to the jury, on the question of one Oliver King's agency to appellant at the time of the collision with appellee Henry Morris.

■ The "scintilla rule" in Alabama is so well known as to be axiomatic. We will not repeat it here. It will suffice to say that if there was a scintilla of evidence supporting appellees' theory that Oliver King was the agent, servant, or employee of the appellant and at the time of the collision was acting within the line and scope of his employment, that the cases were properly submitted to the jury and the judgments are due to be affirmed.

The evidence was undisputed that Oliver King was going home to lunch at the time the accident happened. It was also shown that King had used this particular truck or another to travel to his home for lunch several times in the past with appellant's knowledge. It was shown that King had no set time to go to lunch, nor was he allowed any particular length of time to be gone. The evidence showed that it was quicker for him to drive a truck home rather than to walk, and he was never gone longer than thirty minutes. It was of course shown that King was a regular employee of appellant and was driving appellant's truck at the time of the collision.

■ It is the general rule in our jurisdiction that an employee using a motor vehicle belonging to his employer in going to and from work, is not at such time regarded as engaged in work for his employer but is acting solely for his own purposes. Smith v. Brown-Service Ins. Co., 250 Ala. 613, 35 So.2d 490; General Foods Corp. v. Coney, 35 Ala.App. 492, 48 So. 2d 781.

This rule is subject to the exception that where the employer places at the disposal of the employee a motor vehicle to be used by the employee in going to and from work, and such transportation arrangement is beneficial to both, the relation of employer and employee continues while the vehicle is used for such purposes. General Foods Corp. v. Coney, supra; Blair v. Green, 247 Ala. 104, 22 So.2d 834; Blashfield's "Cyc. of Automobile Law and Practice", Perm. Vol. 5, § 3041.

■ We are of the opinion that the evidence in the case at bar lends itself to the inference that the arrangement between King and appellant was beneficial to both parties of the relationship, that it enabled King to travel home to his lunch without walking and it was of benefit to appellant in that he was able to have his employee back at work in a minimum elapsed time. We might also be mindful of the fact that it is of benefit to the employer that his employees are well-nourished and come to work well-rested. The increased efficiency which results benefits both employer and employee.

Appellant cites to us and relies heavily upon the case of Hill v. Decatur Ice and Coal Co., 219 Ala. 380, 122 So. 338, for a reversal. There the Court quoted with approval from 2 Blashfield's "Cyc. of Automobile Law and Practice", p. 1414, as follows:

" 'The servant, in going for his meals with his master's car, will not be within the scope of his employment, unless such going or coming is done under a contract of hiring, the usage of which or the terms of which permit the servant to discharge his duties on such terms as suit his convenience, or the master, with full knowledge, acquiesces in the use of the car for this purpose, or consents to the use of the machine to facilitate the labors of the servant in furtherance of the master's interests, so that the jury may reasonably consider that such use is a normal one and contemplated as being a part of the compensation for the employment, and therefore done within its

scope, or unless the contract provides that meals shall be furnished by the master.'

"The evidence fails to bring this case within the requirement of said rule, as there is no proof of the fact, or which would create a reasonable inference, that the contract required the defendant to furnish the servant the car to go to and return from his meals or home or that the master acquiesced in the use of the car for this purpose in order to facilitate the labors of the servant in furtherance of its interest, so that the jury might infer that such use was a normal one and contemplated as being a part of the compensation for employment, and therefore done within the scope of employment."

Here, the evidence does not fail completely in this particular. It tended to show that King had been given permission to use the truck or another truck in the past and on the particular occasion in question the following was brought out on cross-examination of King:

"Q When you left there, you didn't get anybody's permission to take that truck to go to lunch, did you?

"A I told Mr. Walton [his superior in charge] I was on my way, going home for lunch. We had worked overtime over the lunchhour because we was pouring concrete and I told Mr.— I went by his desk there and told Mr. Walton that I was going home for lunch in the truck and he told me, 'Okay'."

We think it clear that a question of fact was presented under the scintilla rule as to whether King was acting within the line and scope of his employment at the time of the collision. The question was, therefore, properly submitted to the jury for decision.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.