**UNITED STATES of America, Appellee,**

v.

**COLONIAL MOTOR INN, INC.,**

and

**Maurice Shear, Defendant, Appellant.**

**No. 7794.**

United States Court of Appeals, First Circuit.

Heard March 1, 1971.

Decided March 10, 1971.

John D. Dwyer, Boston, Mass., with whom Lawrence R. Cohen and Newton H. Levee, Boston, Mass., were on brief, for defendant, appellant.

Everett C. Sammartino, Asst. U. S. Atty., with whom Lincoln C. Almond, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

A corporation, and Shear, the present appellant, were indicted for making a false statement for the purpose of influ-

encing the Small Business Administration to grant a loan to the corporation. The specific statement was that the corporate defendant owed one John J. Shea $10,000 for work and improvements. As a result of its making the loan, the Small Business Administration forthwith paid $10,000 to Shea. At the trial the government called a Mrs. Lowery, who described herself as being, at the time in question, Shea's business manager and right hand. She testified that Shea was deceased, and that after his death Shear had admitted to her that Shea had never done the work. There was evidence that Shea did not keep the money, but paid it over to a company in which Shear was interested.

On cross-examination defendant inquired whether the witness "file[d] Mr. Shea's income tax for him?" Upon the government's objection, defendant stated that the purpose was to test the credibility of the witness. At the bench the defendant made an offer of proof that Shea did not keep income tax records, and that the witness was afraid that if it was determined that Shea did the work and was paid, both she and Shea's estate would be in trouble. "There were fraudulent income tax returns." The court ruled that this was "an ingenious argument, but [not] proper inquiry to impeach credibility."

Thereafter the government argued to the jury as follows:

"You can judge Mrs. Lowery's testimony. What reason would she have to lie? She has nothing to gain or lose from this whole affair. Nothing at all. Not one thing."

The defendants were convicted, and Shear appeals.

This is an unusual case, for what the defendant was attempting to show was, in effect, a prior consistent statement, normally a way of supporting a witness, not of attacking him. However, the matter went deeper. What defendant was really seeking was to demonstrate that the witness had, by virtue of her participation in Shea's business affairs, a personal motive for denying Shea's entitlement to the money. If Shea had in fact done the work, the receipt of the payment would have been a taxable transaction, possibly subjecting her to penalty if not reported, whereas if he had merely acted as a conduit any violation of the income tax law in failing to report the transaction might have been technical and de minimis.

■■ When a witness' interest is obvious, the extent of permissible cross-examination must be, short of clear abuse, in the discretion of the court. In the case at bar if the witness had been Shea himself, cross-examination on the subject of the tax consequences of admitting a taxable receipt might well have been excluded as superfluous, his interest being self-evident. The issue here was different. On the record, the witness had no apparent concern in whether Shea was owed the money or not. The court's refusal to let the defendant show otherwise was precisely what permitted the government to ring the changes on her lack of motive to falsify, an argument that could not have been made had the jury realized that if in fact Shea had earned the money, and was liable for a tax thereon, the witness could not admit it without exposing herself to prosecution for income tax violation. *Cf.* United States v. Lester, 2 Cir., 1957, 248 F.2d 329; Atlantic Coast Line R. R. v. Dixon, 5 Cir., 1953, 207 F.2d 899, 904; Terminal Transport Co. v. Foster, 5 Cir., 1947, 164 F.2d 248, 249.

■ The defendant's so-called offer of proof left something to be desired, had a strict offer of proof been called for. This, however, was cross-examination and no offer of proof, as such, was needed. All that was necessary in response to the court's question was an explanation of the general purpose of the inquiry. This was sufficiently accomplished.

Reversed; new trial ordered.