Floyd R. Shaw, as administrator of the estate of Dorothy Shaw, deceased, sued Moirene Wilson Cooper; Cooper's insurer, Safeway Insurance Company of Alabama; and C.B. E., Inc., alleging that Cooper had negligently operated a motor vehicle in the course of her employment with C.B. E. and thereby had caused an accident that resulted in Dorothy Shaw's death. Floyd Shaw settled his claims against Cooper and Safeway Insurance, and the trial court dismissed those defendants. C.B. E. thereafter moved for a summary judgment, arguing that Cooper was an independent contractor and that it was thus not liable for injuries resulting from her allegedly negligent acts. The trial court entered a summary judgment for C.B. E., and Shaw appeals.
A summary judgment is proper and must be affirmed if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; Lee v. Cityof Gadsden, 592 So.2d 1036 (Ala. 1992). After the movant has made a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Lee. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life *Page 403 Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989); see Ala. Code 1975, § 12-21-12.
The record reveals these facts: In 1987, Cooper was self-employed as a maid for seven individuals, including Carlton Sumlin, the president of C.B. E. In 1988, Sumlin hired Cooper to clean the C.B. E. corporate offices. Cooper set her own fee of $125 per month. Sumlin gave her an office key and told her she could clean the office each week at any time between Friday afternoon and Sunday night. Sumlin left a check for Cooper on his desk on the first Friday of each month and she would collect it after she finished cleaning. Except for one brief period in 1991, C.B. E. did not withhold income tax or Social Security tax from the check, nor did Cooper receive any of the benefits of C.B. E. employees.
C.B. E. is a construction company and, after Cooper had been performing the cleaning work at the corporate offices for some time, Sumlin occasionally offered her jobs cleaning at various C.B. E. construction sites. Sumlin would inform Cooper if a job was available and she would inspect the site, then determine whether she wanted to do the work. Cooper always drove her own automobile to each job site, and the cost of transportation would be included in her paycheck after the job was completed; this paycheck was separate from the one she received for cleaning the C.B. E. offices. Cooper provided her own tools and supplies and was reimbursed for her expenses incurred in doing so. If Cooper needed additional workers to help her clean at a construction site, she hired them and paid them. When she arrived at a job site, a C.B. E. superintendent would sometimes show Cooper the areas to be cleaned and tell her what her duties were. On at least one occasion, a superintendent asked Cooper to reclean windows that did not meet the standards set out in the construction contract between C.B. E. and its client.
In 1987, C.B. E. contracted to build a new elementary school in Thomasville, Alabama. Pursuant to the agreement, C.B. E. was required to thoroughly clean the building, leaving it ready for immediate occupancy. Three times during the course of construction, Sumlin hired Cooper to clean parts of the building and she in turn hired Dorothy Shaw to help her. As Cooper and Ms. Shaw traveled in Cooper's car to the construction site for the third job, Cooper attempted to pass the vehicle traveling in front of her and crashed her car head-on into an oncoming truck. Ms. Shaw and her granddaughter died from injuries sustained in the crash.
Shaw argues that these facts create a jury question as to whether Cooper was a C.B. E. employee and was acting within the scope of her employment at the time of the accident. Whether a relationship is that of independent contractors or that of master and servant depends on whether the entity for whom the work is being performed has reserved the right of control over the means by which the work is done. Bay ShoreProperties, Inc. v. Drew Corp., 565 So.2d 32 (Ala. 1990). It is the reservation of a right of control by the principal, and not the actual exercise of such control, that governs the status of the relationship, Gossett v. Twin County Cable T.V., Inc.,594 So.2d 635 (Ala. 1992); however, the one for whom the work is done may reserve the right to supervise the one doing the work, for the purpose of determining if the one doing the work is performing in conformity with the contract, without converting the relationship into that of master-servant. Spell v. ConAgra,Inc., 547 So.2d 501 (Ala. 1989).
In this case, the evidence shows only that C.B. E. retained the power to direct Cooper to a job site and to ensure that her work met the requirements of C.B. E's contract with its client. The plaintiff presented no substantial evidence that C.B. E. controlled the method and manner of Cooper's work or that it reserved the power to do so. We must conclude that the evidence made a prima facie showing that Cooper was an independent contractor for C.B. E. and that the plaintiff did not rebut that showing.
Shaw points to the rule that an employer who by contract or law owes a specific duty to another, i.e., a nondelegable duty, is liable for the tortious performance of that duty, even if it was performed by an independent *Page 404 
contractor. Fuller v. Tractor Equipment Co., Inc.,545 So.2d 757 (Ala. 1989). Shaw contends that C.B. E.'s contractual duty to clean the elementary school was non-delegable and that Cooper was in the act of performing that duty at the time of the accident.
Here, C.B. E. did owe a specific contractual duty to clean the Thomasville elementary school; however, the accident occurred while Cooper was en route to the job site, not during the actual performance of her cleaning job. Accidents that occur while an individual is travelling to and from work are not considered to have arisen out of and in the course of employment. Gilmore v. Rust Engineering Co., 289 Ala. 46,265 So.2d 591 (1972). An exception to this rule arises when the driver/worker's transportation expenses constitute a part of the consideration paid for his services, Gilmore; however, this Court has applied this exception only where the driver/worker is an employee of the one for whom the work is being done, rather than an independent contractor. Hays v. Deaton TruckLine, 264 Ala. 442, 87 So.2d 825 (1956); Taylor v. GeneralRefrigeration Sales Co., 231 Ala. 469, 165 So. 572 (1936);Great Atlantic Pacific Tea Co. v. Donaldson, 26 Ala. App. 179,156 So. 859, cert. denied, 229 Ala. 276, 156 So. 865 (1934). Liability for accidents resulting from an employee's negligent operation of a vehicle en route to his job arises from the master-servant relationship, not from the fact that the driver was acting within the scope of his duties to the employer at the time of the accident. Hays. No such relationship exists here, so the fact that any negligence on the part of Cooper occurred before the performance of her cleaning duties absolves C.B. E. from liability for the resulting injuries.
The summary judgment was proper, and it is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.