193 So.2d 746

**Webster E. THOMAS et al.**

**v.**

**Charles Eugene HUBBERT et al.**

**6 Div. 225, 225–A, 225–B.**

Supreme Court of Alabama.

Oct. 20, 1966.

Rehearing Denied Jan. 26, 1967.

Weir & Shannon, Birmingham, for appellants.

Bishop & Carlton, Birmingham, for appellees.

SIMPSON, Justice.

This is an appeal by the plaintiffs below in these three cases which were consolidated for trial by agreement.

The three plaintiffs (appellants) filed suit against Hubbert and Malone Freight Lines, Inc. to recover damages for personal injuries sustained by plaintiffs arising out of an automobile accident between the automobile being driven by Webster E. Thomas and a truck being operated by Charles Eugene Hubbert. Liability was sought to be established as to Malone Freight Lines under the doctrine of respondeat superior.

At the conclusion of the evidence the court gave the general affirmative charge without hypothesis for defendant Malone Freight Lines, which of course amounted to a directed verdict for this defendant. The jury returned a verdict in favor of the plaintiffs and against defendant Charles Eugene Hubbert, in the amounts of $7,500, $2,000, and $750 respectively and a verdict in favor of Malone Freight Lines.

From the judgment in favor of Malone Freight Lines, the plaintiffs appealed. The only issue is whether the court erred in giving the affirmative charge as to defendant Malone Freight Lines. The question, therefore, for decision is whether or not Hubbert was on the occasion complained of acting within the line and scope of his employment or engaged in or about the business of Malone, i. e. hauling freight.

The salient facts are:

The plaintiffs were injured on January 13, 1962, when the automobile in which they were riding and which was owned and operated by the plaintiff Webster E. Thomas, was hit in the rear by a "bob-tail" tractor owned and being operated by the defendant Hubbert, when the plaintiffs' vehicle stopped at a traffic light at the intersection of Eighth Avenue North and Fourteenth St., in the City of Birmingham. Hubbert was not pulling a trailer at the time of the accident. He owned the truck-tractor and had leased it to Malone Freight Lines under a written lease, the pertinent provisions of which will be set out.

On the day of the accident defendant Hubbert was at Malone's freight yard in Birmingham. His tractor unit was being given a safety inspection at the yard. While he was there he received a telephone call from his brother William who was also a leased driver for Malone, and who had executed an identical lease as the one which follows. William testified that while he was off duty and at his home he called his brother, the defendant, and told him that he was unable to get his truck started, that it was located at the Site Service Station on U.S. 78 and asked his brother to come out and help him get the truck started. The defendant did so and this accident occurred on his trip back to Malone Freight Yards. Defendant's brother William was not hauling freight for Malone at the time defendant helped to get the truck started and the evidence is that he was off duty and was not scheduled to haul a load until the following day. Defendant was not hauling any freight and the tractor was at the yard for inspection. He, too, testified that he was off duty.

The pertinent parts of the lease under which defendant Hubbert and his brother William operated are:

"(2) The Owner warrants that. said vehicles including all additions and accessories and equipment are in good, safe operating condition and that they shall be so maintained at the expense of the Owner during all periods covered by this lease. Owner agrees to have, keep and maintain, the vehicles so leased in such condition as to comply with all the rules and regulations of the Interstate Commerce Commission, and of any State Commission rules in effect where said vehicles are operated. * * *

"(4) The Owner will drive or operate said vehicle and provide at his own expense, any helper, or helpers, as may be needed to properly and legally operate said equipment. * * *"

■■ In order to hold the freight line liable for the acts of its agent, it is incumbent upon the plaintiff in a case of this kind to prove that at the time of the accident the driver-owner-lessor was acting within the line and scope of his employment or stated differently, was on a mission not personal to himself but in accomplishment of objects within the line of his duties. And, we must view the evidence in this regard most favorably to the plaintiff to avert the giving of the affirmative charge for the defendant. Sullivan v. Alabama Power Company, 246 Ala. 262, 20 So.2d 224.

■ There is no conflict in the evidence with regard to where defendant Hubbert had been and where he was going at the time of the accident. He had been to assist his brother, another owner-lessor-driver for Malone, to start his truck. He was en route back to the Malone yard where his tractor was being inspected. We believe that we are compelled to agree with the trial judge that under these facts, this case is controlled by the following: Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So.2d 464; Hays v. Deaton Truck Line, 264 Ala.

442, 87 So.2d 825; Anderson v. Howard Hall Company, Inc., 272 Ala. 466, 131 So.2d 417; Smith v. Brown-Service Insurance Co., 250 Ala. 613, 35 So.2d 490. The *Stevens* case, supra, is particularly in point. There the evidence was that Roberts, the driver, at the time of the accident, was returning to his home at Ashville from Deaton's terminal, where he had been to see if there was any work for him. Here the driver was returning to the terminal to see to the inspection of his tractor, the maintenance of which was his responsibility under the lease. There we said:

" 'The general rule is that an employee using an automobile, whether belonging to his master or to himself, in going to and from his place of work, is not at such times regarded as engaged in work for his master but is acting solely for his own purposes.' "

In that case we noted:

"We are clear to the conclusion that the evidence in this case, when viewed in the light most favorable to the plaintiff, fails to show that at the time of the accident Roberts was engaged in the accomplishment of objects within the line of his duties or in or about the business or duties assigned to him by his employer, but does show that at such time Roberts was driving the truck-tractor on a mission of his own for his sole benefit."

We must conclude that such is the case here. Hubbert had been to help his brother get his truck started, which under the arrangement the brother was required to keep in running condition. Neither was then hauling freight for Malone, nor on any business for Malone. Malone could not have had any interest in whether brother William's truck would start on this occasion or not. The company would be concerned only that he was available to haul a load when scheduled, which under the evidence was not until some time later. We can see no benefit which Malone gained from Hubbert's trip to help his brother.

This being the conclusion compelled by the authorities cited above, we do not write to appellee's motions to strike the transcript and dismiss the appeal.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.