WRIGHT, Presiding Judge.
This is an appeal by defendants from a judgment for plaintiff for damages resulting from an automobile accident. The sole issue is whether the trial court erred in permitting into evidence proof of special damage to plaintiff arising from a subsequent injury. We find the trial court was in error and reverse and remand.
Plaintiff brought suit alleging injury as a proximate result of a collision between the automobiles driven by plaintiff and defendant on December 27, 1976. There was testimony that plaintiff suffered cuts and abrasions together with a whiplash injury to the neck and shoulder. He was hospitalized for several days. Thereafter he was treated by a chiropractor. On April 9, 1977, he reported to the chiropractor that he had stepped in a hole at home and was having pain in his lower back or lumbar region. The chiropractor recommended that he go to the hospital for examination. On April 13, 1977, he was admitted to the hospital complaining of pain in the low back, left hip and leg, with some pain in the left shoulder residual from the first injury. Plaintiff testified that he injured his lower back nearly three and one-half months subsequent to the first injury while at home. He entered the hospital because of the new injury and the two injuries were not related so far as he knew. Plaintiff’s physician testified that he admitted plaintiff to the hospital on April 13 because of his low back pain though he apparently still had some pain in the left shoulder from the original injury. He made no determination as to whether the trauma of the automobile accident had aggravated long standing degenerative arthritis in the lower back. In response to question of counsel, the physician stated “that it could have or it could not have, I don’t know.”
Defendants duly objected to introduction of the evidence as to doctor and hospital charges arising from treatment after the second injury of April 9. They further moved to exclude such evidence after plaintiff rested and also requested a jury charge directing the jury that they could make no award for such charges. All objections, motions and jury charge were overruled or refused.
The case of Underwood v. Smith, 261 Ala. 181, 73 So.2d 717 (1954) contains a discussion of the principles relating to whether pain, suffering and expenses arising from an injury subsequent to the original may be *357 claimed as a proximate result of the first accident.
To summarize, the court said if the second injury is a sequence or natural result flowing from the original injury and said second injury did not result from the negligence of the injured person, the defendant is liable for the entire damage. However, if the subsequent event is attributable to a distinct intervening cause, the defendant is liable only for the original injury. The court in Underwood cited the case of Sporna v. Kalina, 184 Minn. 89, 237 N.W. 841. It also cited the cases and the peculiar factual situations of each as discussed in Sporna. Underwood makes clear that in order to attach the damages of a second accident to the cause of action arising from a prior accident charged to defendant, a causal relationship must be shown between the ¡.two accidents. Such relationship may be shown by evidence that the second occurred while the plaintiff is following a course or direction ordered by his physician as a means of treatment toward recovery from the original injury. Postal Telegraph Cable Co. v. Hulsey, 132 Ala. 444, 31 So. 527 (1901); or that the second injury was due to' negligence of the physician treating the first. Nall v. Alabama Utilities Co., 224 Ala. 33, 138 So. 411 (1931). If the second injury is shown to have occurred because of a weakness or disability caused by the first without a contributing negligent act of plaintiff, a jury might find proximate cause between the two. Whitman’s Fifth Avenue Garage Co. v. Ricks, 211 Ala. 527, 101 So. 53 (1924).
Where there is any legal evidence from which reasonable persons could find a causal relationship between an act and an injury, the issue of proximate cause should be submitted to a jury. Commercial Union Fire Insurance Company of New York v. Parvin, 279 Ala. 645, 189 So.2d 330 (1966). However, whether there has been such legal evidence presented is a question of law for the court. Headrick v. United Insurance Company of America, 279 Ala. 82, 181 So.2d 896 (1966). Our review of the testimony, as we have in part iterated here, discloses not the slightest evidence of a causal relationship between the automobile accident of December 27, 1976, and the event, whatever it was, responsible for the low back pains for which plaintiff sought medical and hospital care on April 13, 1977. Plaintiff candidly stated that he knew of no connection and the doctor also said candidly that he did not know and had no opinion. His statement that the trauma of the automobile accident could or could not have aggravated an old condition of spinal degenerative arthritis was of no probative value and could only support speculation by a jury. A jury may not arrive at a verdict by speculation. Colonial Life & Accident Insurance Co. v. Collins, 280 Ala. 373, 194 So.2d 532 (1967); Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505 (1946).
We reverse the verdict and judgment and remand the case for further proceeding.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result.