EMBRY, Justice.
Petitioner, plaintiff below, Roger Rollins, in his action against Michael William Hand-ley, Joseph P. LoBianco, and LoBianco Trucking Company, Inc., a Corporation, for the wrongful death of his minor son Joseph Ray Rollins, obtained a verdict and judgment against Handley. Judgment was entered upon a verdict in favor of defendants, LoBianco and LoBianco Trucking Company. Petitioner’s motion for a new trial was denied and he took an appeal to the Court of Civil Appeals, 403 So.2d 914, which affirmed the judgment below.
We granted the writ of certiorari to review whether the trial court erred in refusing to give certain jury instructions as requested by petitioner and whether, as petitioner urges, we should overrule controlling Alabama cases, followed in the decision of the Court of Civil Appeals, which reject inadequacy of damages as a valid basis for granting a new trial in a wrongful death action.
*920 Facts submitted by petitioner in his Rule 39(k), ARAP, statement on application for rehearing in the appellate court are of no aid in resolving the controlling issues before this court. Because of this we will not refer to those facts.
We adopt the following statement of facts from the opinion of the Court of Civil Appeals:
Joseph Ray Rollins, the fourteen-year-old son of plaintiff Roger Rollins, was killed in an automobile accident on June 21, 1977.
The accident occurred in Baldwin County, Alabama, at an intersection of U. S. Highway 31 and Alabama Highway 181. Both highways are non-limited access highways. Highway 181 is four-laned at the intersection while Highway 31 is two-laned with a turn lane. The intersection is controlled by stop signs on Highway 181.
The evidence showed that at the time of the accident the left lane of Highway 181 was blocked at the intersection by a disabled truck. The truck was loaded with pulpwood. Defendant Handley stated he approached the intersection and stopped behind the disabled truck and at least one other automobile. Upon determining that the traffic in the left lane was stalled, Handley moved into the right lane to proceed through the intersection. There was conflicting testimony as to whether Handley stopped at the stop sign before proceeding into the intersection, but it is uncontroverted that he had moved onto Highway 31 when his automobile was struck from the left by a tractor-trailer truck driven by the defendant LoBianco and owned by the defendant LoBianco Trucking Company, Inc.
The truck was deflected by the impact across Highway 31 and into an automobile which was parked at a roadside fruit stand. The automobile was pushed toward the fruit stand where it struck and killed the plaintiff’s son.
For a more detailed recitation of these facts see Rollins v. Handley, (MS. June 4, 1980) 403 So.2d 914 (Ala.Civ.App.1980).
Regarding the allegation that the trial court erred in refusing to give jury charges requested by petitioner, respondents initially contend that inadequacy of damages is the sole question that Rollins may raise on appeal because he obtained a favorable jury verdict below. DeBardeleben v. Tynes, 290 Ala. 263, 276 So.2d 126 (1973). While we recognize this rule to be correct with respect to respondent, Hand-ley, against whom the $5,000 verdict was rendered, we reject the assertion that it controls review of the verdict and judgment entered in behalf of LoBianco and LoBianco Trucking Company.
It is apparent the disputed jury charges concerned the LoBianco defendants. The trial court refused Rollins’ requested charge regarding the prima facie speed limit of fifteen miles per hour when approaching and traversing an intersection where the driver’s view is obstructed. According to Code 1975, § 32-5-91(b)(3), the statutory provision upon which Rollins based his requested charge, a driver’s view is deemed to be obstructed when “at any time during the last 50 feet of his approach to such intersections he does not have a clear and uninterrupted view to such approach to such intersections and of the traffic upon all of the highways entering such intersections for a distance of 200 feet from such intersections.”
The appellate court held that a vehicle stopped in a lane of traffic controlled by a stop sign does not comprise an obstruction of the driver’s view of all traffic approaching the intersection for a distance of 200 feet within the meaning of the statute. This interpretation, Rollins contests. We do not consider it necessary to determine whether the disabled pulpwood truck would technically qualify as an obstruction under the statute, because we, like the appellate court, find no evidence in the record to support the conclusion that LoBianco’s view of the approaches to the intersection was actually obstructed for a distance of 200 feet.
*921 Rollins also alleges error in the trial court’s refusal to give his written requested instruction qualifying the given “sudden emergency” instruction of defendants. Their charge reads as follows:
If a person, without fault of his own, is faced with a sudden emergency, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation, . . . but the standard of care required in an emergency situation is that care which a reasonably prudent person would have exercised under the same or similar circumstances.
In response to this “sudden emergency” instruction, Rollins requested the following charge:
The court charges the jury that the doctrine of sudden emergency does not apply to one who has wrongfully and voluntarily placed himself in such a dangerous position.
The trial court’s denial of Rollins’s requested explanatory instruction was not error. In Williams v. Worthington, 386 So.2d 408 (Ala. 1980), this court in considering the “sudden emergency” charge found that APJI Civil, 28.15, the same charge given by the trial court in this case, stated:
We note, and the parties agree, that the instruction given on the “sudden emergency” doctrine is a correct statement of the law.
Furthermore, the language of that instruction contains its own qualifying language, “without fault of his own,” effectively conveying the same idea contained in Rollins’s requested explanatory instruction.
We find no error in the trial court’s refusal of plaintiff’s requested jury instructions and affirm the judgment entered in favor of defendants Joseph P. LoBianco and LoBianco Trucking Company, Inc.
We now turn to Rollins’s contentions concerning Handley and the verdict of $5,000 in behalf of Rollins and against Handley. Rollins, dissatisfied with this verdict, filed a motion for new trial claiming the damages assessed were inadequate in light of the evidence presented.
The motion was denied and on appeal, the Court of Civil Appeals affirmed on the authority of Louisville & Nashville R.R. Co. v. Street, 164 Ala. 155, 51 So. 306 (1909), and Crenshaw v. Ala. Freight, Inc., 287 Ala. 372, 252 So.2d 33 (1971). Rollins acknowledges these decisions stand for the proposition that a new trial may not be granted in a wrongful death action where the sole ground asserted is inadequacy of the damages assessed. However, he contends that the principles followed in this state which disallow additur or new trial because of inadequate damages, especially in wrongful death actions, are archaic, anachronistic, inconsistent, and illogical.
Indeed, the foundations of the strained syllogisms employed by the courts, in this and in other states, seeking to justify a different treatment of remittitur and addi-tur on the basis the former preserves the right to trial by jury while the latter usurps that right, seem to crumble when subjected to logical scrutiny; leading many to the conclusion that the courts have simply drawn a distinction without a difference. The tenuous argument that remittitur leaves standing a part of the jury’s award whereas additur constitutes “a bald addition” to the verdict, was considered and rejected by Chief Justice Traynor who, in Jehl v. Southern Pacific Co., 66 Cal.2d 821, 59 Cal.Rptr. 276, 427 P.2d 988 (1967), stated:
In reaching the larger verdict involved in remittitur, the jury has rejected all smaller amounts just as they have rejected all larger amounts in reaching the smaller verdict involved in additur. Neither verdict is more that of the jury than the other. [Citations omitted.] Only ad-ditur retains all that was contained in the jury’s verdict, and in both additur and remittitur something is taken from the litigant who is relying on the verdict.
Policy reasons supporting the trend to recognize additur as a valid judicial device are evident in the following remarks of the Nevada Supreme Court in Drummond v. Mid-West Growers Cooperative Corp., 91 Nev. 698, 542 P.2d 198 (1975):
*922 It should not be treated differently from other modern devices aimed at making the relationship between judge and jury as to damages as well as to other matters, one that preserves the right to jury trial without shackling modern procedure to outmoded precedents. Additur does not detract from the substance of the common law trial by jury. Like its fraternal twin remittitur, now over 100 years old in this state, it promotes economy and efficiency in judicial proceedings.
Of course, to recognize additur or new trial for inadequacy of damages and give it equal status with remittitur or new trial for excessive damages implies imposition of the same limitations on use of the former as now regulate utilization of the latter.
Resort by the court to remittitur or new trial for excessive damages is only proper within the guidelines prescribed by Justice Simpson in Carlisle v. Miller, 275 Ala. 440, 155 So.2d 689 (1963):
. . . The verdict of a jury should not be interfered with merely because in the opinion of the court the jury gave too little or too much (Vest v. Gay [Ala. 154 So.2d 297] supra; Airheart v. Green, 267 Ala. 689, 104 So.2d 687; Alabama Great Southern Ry. Co. v. Baum, 249 Ala. 442, 31 So.2d 366); and the authority vested in the courts to disturb a verdict of the jury on the ground of excessiveness is one which should be exercised with great caution. Airheart v. Green, id.; McLaney v. Turner, 267 Ala. 588, 104 So.2d 315; Louisville & Nashville Ry. Co. v. Tucker, 262 Ala. 570, 80 So.2d 288, 298. Where, as here, there is no set standard for the admeasurement of damages but the damages to be awarded are left to the sound discretion of the jury, a remittitur or a new trial should not be ordered on the ground of excessiveness of the jury’s verdict except in those cases where the court can clearly see that the verdict has been reached on account of bias, passion, prejudice, corruption, or other improper motive or cause. Airheart v. Green, supra; Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447. And only where the damages allowed are so excessive as to warrant the belief that the jury must have been misled by some mistaken view of the merits of the case should the court interfere and set the verdict aside (National Surety Co. v. Mabry, 139 Ala. 217, 35 So. 698); also, where the trial court refuses to grant a new trial because he does not believe the verdict is excessive the favorable presumption attending the jury’s verdict is thereby strengthened. International Union, etc. v. Palmer, 267 Ala. 683, 104 So.2d 691; Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830.
In persuasively urging this court to blaze a new trail in Alabama law by permitting a new trial on the basis of inadequate damages in wrongful death actions, petitioner has failed to propound facts which would make application of the principle appropriate in this case. The only facts argued by Rollins supporting his contention that the verdict of $5,000 was grossly disproportionate to the conduct of defendant, Handley, is the testimony of several witnesses that traffic in the vicinity of the intersection was very congested, coupled with Handley’s testimony that he waited about 15 seconds after stopping at the intersection alongside the disabled pulpwood truck before pulling out into the intersection because, in his words:
I figured maybe something was coming because I couldn’t see ....
Only by stretch of imagination rather than by application of reason, could the facts of this case support the conclusion that the jury’s verdict was based on bias, passion, prejudice, corruption, or other improper motive or cause, as would be required before additur or new trial for inadequacy of damages, if recognized, could be applied according to those principles which now govern the order of a remittitur or new trial on account of the award of excessive damages.
We, therefore, today decline, on the facts of this case, to break new ground in the area of additur and new trial for inadequacy of damages in wrongful death actions.
The decision of the Court of Civil Appeals is due to be and is hereby affirmed.
AFFIRMED.
*923 TORBERT, C. J., and MADDOX, FAULKNER, ALMON, SHORES, and ADAMS, JJ., concur.
JONES and BEATTY, JJ., concur in the result.