This is a termination of employment case.
Plaintiff-appellant Judy Shelby applied for work at a Zayre department store in Tuscaloosa, by filling out an application for employment which read, in pertinent part, as follows:
"READ CAREFULLY BEFORE SIGNING
 ". . . In consideration of my employment, I agree . . . my employment and compensation can be terminated, with or without *Page 1070 
cause, and with or without notice, at any time, at the option of either the company or myself. I understand that no unit manager or representative of your company has any authority to enter into any other agreement with me for my employment for any specified period of time, or to make any agreement contrary to the foregoing.
". . .
"DATE OF APPLICATION 9-20-83
"SIGNATURE OF APPLICANT: /s/ Judith C. Shelby"
Shelby then interviewed with John Luno, an assistant manager at the Zayre store, and she testified that he made a representation of permanent employment:
 "I said, `Am I going to, is there a chance that I am going to be laid off after the grand opening or after Christmas? Will I lose my job because I am going to have to give up my job now to take this one.' And he said I didn't have anything to worry about, that I would be hired full time as permanent help."
Shelby quit her job with Stein's Shoe Store and commenced her employment with Zayre. Shelby was employed at Zayre from October 17 until October 24, 1983, when her employment was terminated. She filed a two-count complaint, alleging breach of an oral contract for permanent employment and alleging fraud. Zayre filed a motion for summary judgment, which was granted. Shelby pursues this appeal on count two of her complaint and asserts that Zayre, through its agent, John Luno, made false representations of permanent employment, which Luno knew were false, and which Shelby relied on to her detriment in quitting her job with Stein's Shoe Store.
The general rule is as follows:
 "[A]cts of fraud by an agent, committed in the course or scope of his employment, are binding on the principal. . . . [The rule is applicable] so long as the third person to whom the representations are made is justified in relying on the authority of the agent, and reasonably believed that the agent was acting within the scope of his authority but not otherwise.
". . .
 "[T]he principal is not liable for the fraud of his agent which is committed beyond the scope of the agent's actual or apparent authority. . . ."
3 C.J.S., Agency, § 427 (1973).
Here, both parties agree that Luno did not have authority to make the alleged misrepresentation. Thus, the issue presented for our review is whether Zayre, as a principal, can be held liable for the fraudulent misrepresentations of its agent, made during the course of the agent's employment, even though the agent did not have the authority to make the representations.
Shelby cites District 20, United Mine Workers of America v.Sams, 287 Ala. 312, 251 So.2d 613 (1971), for the proposition that a principal can be held liable to a third party for the fraud of its agent if the act was committed in the course of the agent's employment, where others rely on the fraudulent misrepresentation to their detriment. Sams involved an action by a union member against the union for fraud and deceit where the union member was told that he would be eligible for a pension if he kept his dues paid until he was sixty years of age. The payment of dues did not, in fact, entitle him to pension benefits at age sixty.
This Court quoted, with approval, the following language fromStorey on Agency:
 "It is a general doctrine of law that, although the principal is not ordinarily liable (for he sometimes is) in a criminal suit for the acts or misdeeds of his agent, unless, indeed, he has authorized or cooperated in them, yet he is held liable to third persons in a civil suit for the frauds, deceits, concealments, misrepresentations, negligence and other malfeasances and omissions of duty of his agent in the course of his employment, although the principal did not authorize or justify or participate in, or, indeed, know of, such misconduct, or *Page 1071 
even if he forbade the acts or disapproved of them."
287 Ala. at 319, 251 So.2d at 619.
In Sams defendant argued that plaintiff was charged with notice as a member of the union and "the agent of the [union] lacked authority for the act done since the [by-laws] of the [union were] silent with respect to the act allegedly done." This Court held in favor of union member Sams, and applied its reasoning from the earlier case of Supreme Lodge, Loyal Orderof Moose v. Kenny, 198 Ala. 332, 73 So. 519 (1916), wherein the Court had noted "that the very existence of the lodge depended upon the organization . . . in all of its works, and hence it was liable for the torts of its agents acting in the course of employment, authorized or not." 287 Ala. at 319,251 So.2d at 619.
This Court has found no cases which apply the principle set forth in Sams to employment-at-will cases. We find that, based on the facts of this case, this principle is not applicable here. In the instant case, Shelby signed an employment application which specifically stated that employment could be terminated "with or without cause, and with or without notice, at any time, at the option of either the company or [the employee]." In her deposition she stated that she read the application and understood it, and knew that she was not hired for a definite period of time. Since Shelby signed and understood the above statement, we conclude, based on the surrounding circumstances, that she would not have been justified in relying on Luno's false statement, even assuming he made the statement alleged, and thus, that it cannot be said that she relied on a misrepresentation by Luno to her detriment. Zayre would not be liable, in this instance, for the alleged act of its agent acting without authority.
The general rule is that the existence and scope of an agency relationship is for the jury to determine where the evidence is in conflict. St. Paul Fire Marine Ins. Co. v. Anderson,358 So.2d 151, 158 (Ala.Civ.App. 1977). Here, however, it is uncontested that Luno had no authority to act, either actual or implied. We agree with the trial court that, based on the circumstances in this case, the principle set forth in Sams is inapplicable. Therefore, the trial court's judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.