537 So.2d 482 (1987)
Marjorie L. HICKS and Julie Nicole Odom, a minor
v.
Dale William WESTBROOK, Bob Westbrook, and Cardinal Transport Co.
Civ. 5691.
Court of Civil Appeals of Alabama.
January 16, 1987.
Rehearing Denied March 18, 1987.
Jim L. Wilson, of Wilson & Day, Gadsden, for appellants.
Jack W. Torbert, Jr., of Torbert and Torbert, Gadsden, for appellees.
BRADLEY, Judge.
This is an appeal from a $6,000 judgment awarded to the plaintiffs in an automobile accident case.
The present case arose when the plaintiffs, Marjorie L. Hicks and Julie Nicole Odom, were involved in an automobile accident with a tractor-trailer rig, operated by defendant Dale William Westbrook. The record indicates that on January 28, 1982 one Bill Austin telephoned defendant Bobby Westbrook and asked him if he could deliver a load to Atlanta for the defendant Cardinal Transport Company. Defendant Bobby Westbrook's trailer was already loaded and, for this reason, he instructed his son, defendant Dale Westbrook, to take his tractor to the Cardinal Transport depot in Decatur, Alabama to pick up the load contained in a Cardinal trailer.
Dale Westbrook subsequently took his father's tractor to the Cardinal depot and picked up a Cardinal trailer which had previously been loaded. Dale Westbrook then left Decatur and went to his destination in Atlanta. Westbrook arrived in Atlanta on the evening of January 28, and he unloaded the Cardinal trailer on the morning of January 29.
After unloading the trailer Westbrook immediately started to his home at Summerville, Alabama. While in route to Summerville, however, Westbrook was involved in an accident with an automobile driven by the plaintiff Marjorie L. Hicks.
*483 Plaintiff Hicks and plaintiff Julie Nicole Odom, a passenger in the automobile at the time of the accident, filed suit against defendants Dale Westbrook, Bobby Westbrook, and Cardinal Transport Company. The plaintiffs alleged that defendants Dale and Bobby Westbrook were negligent in the manner in which they operated and maintained the tractor, and that defendant Cardinal Transport Company was liable for the negligence of its agents, Dale and Bobby Westbrook.
The case was tried in the Circuit Court of Etowah County on January 13, 1986. At the close of the plaintiffs' case, defendant Cardinal Transport moved for a directed verdict. The trial court granted defendant Cardinal Transport Company's motion on the basis that the plaintiffs failed to prove that an agency relationship existed between defendant Cardinal Transport and Dale and Bobby Westbrook. The jury subsequently returned a $1,000 verdict in favor of plaintiff Odom and a $5,000 verdict for plaintiff Hicks. The verdicts were rendered against defendants Dale and Bobby Westbrook.
The plaintiffs appeal and raise two contentions of error. First, the plaintiffs argue that the trial court erred in refusing to admit medical bills related to plaintiff Hicks' treatment for psychological symptoms. Second, the plaintiffs argue that the trial court erred in directing a verdict in favor of defendant Cardinal Transport.
At the outset, we note that, as a general proposition, a plaintiff who obtains a verdict and judgment in the trial court can appeal only on the issue of the adequacy of the damages awarded him. See, Cleveland v. Gilbert, 473 So.2d 1075 (Ala. Civ.App.1985). However, this principle is inapplicable in regards to a plaintiff's appeal against another party against whom a judgment was not rendered. Ex parte Rollins, 403 So.2d 918 (Ala.1981).
In the present case separate verdicts were rendered against defendants Dale and Bobby Westbrook; therefore, the plaintiffs may appeal only on the issue of the adequacy of the damage award against Dale and Bobby Westbrook. A directed verdict, however, was rendered in favor of defendant Cardinal Transport. For this reason, the plaintiffs' appeal against Cardinal is not limited to the issue of the adequacy of the damages, and, therefore, the plaintiffs may properly raise the agency issue against Cardinal Transport. Ex parte Rollins, supra.
The plaintiffs' first contention of error is that the trial court erroneously refused to admit evidence of plaintiff Marjorie Hicks' medical bills incurred for treatment of depression she suffered after the accident in question. The record reveals that the defendants objected to the admission of the evidence on the basis that no legal evidence existed to indicate that the medical expenses arose out of the automobile accident.
The trial court in the case at bar excluded the evidence in question and, therefore, the jury's award for the plaintiffs did not include expenses incurred by plaintiff Hicks for her hospitalization relating to psychosomatic symptoms allegedly caused by the January 29 accident. After the jury verdict was rendered in this case, the plaintiff moved for a new trial on the basis that the trial court improperly excluded the hospital bills in question, which caused the jury to return an inadequate award.
Alabama cases have held that the inadequacy of a jury verdict may be based upon a trial court's error in excluding medical expenses which were, in fact, admissible. See, Kraas v. American Bakeries Co., 231 Ala. 278, 164 So. 565 (1935). Thus, plaintiffs' argument on appeal that the trial court improperly excluded evidence of the relevant hospital expenses from the jury's consideration is analogous to an argument that the jury verdict was rendered inadequate by the trial court's error. Since the plaintiffs are, in effect, challenging the adequacy of the jury verdict by raising the alleged evidentiary error committed by the trial court, we will address the merits of their contention.
The trial court refused to admit plaintiff Hicks' hospital expenses into evidence because it found that insufficient *484 evidence existed to prove that the January 29 accident caused the depression and anxiety for which plaintiff Hicks was hospitalized. As a general proposition, where any legal evidence exists from which reasonable persons could find a causal relationship between an act and an injury, the issue of proximate cause must be submitted to the jury. Alabama Farm Bureau v. Henderson, 374 So.2d 355 (Ala.Civ. App.1979). Additionally, a trial court in a negligence case must submit all issues to the jury if the evidence or any reasonable inference therefrom produces the merest gleam, glimmer, or spark in support of those issues. Quillen v. Quillen, 388 So. 2d 985 (Ala.1980).
The defendants in the present case stipulated that the hospital expenses in question were both reasonable and necessary. Before a plaintiff can recover damages for injuries suffered or expenses incurred, she must present competent proof of both the reasonableness as well as the necessity of the claimed damages. Hamrick v. Daniel, 449 So.2d 1247 (Ala.Civ.App.1984). Having demonstrated that the hospital bills were both reasonable and necessary, the only thing left for plaintiff Hicks to prove to create a jury question on the issue of the disputed expenses was whether the accident caused the depression for which she was hospitalized. Alabama Farm Bureau v. Henderson, supra.
The record in this case demonstrates that the plaintiff presented expert medical testimony that the accident in question could have caused her depression, which created the necessity for her hospitalization. We believe that the expert medical testimony adduced at trial is sufficient proof to create at least a scintilla of evidence that the accident proximately caused the anxiety and depression from which plaintiff Hicks suffered. For this reason, we hold that sufficient evidence existed to present a jury question on the issue of whether plaintiff Hicks' hospitalization was a consequence of the January 29 accident. The trial court, therefore, erred in refusing to admit plaintiff Hicks' hospital bills to the jury in this case. For this error the judgment of the trial court must be reversed and the cause remanded for a new trial.
Plaintiffs also contend that the trial court erred in directing a verdict for defendant Cardinal Transport. The trial court granted Cardinal Transport's motion because the plaintiffs failed to prove that either defendant Dale or Bobby Westbrook was Cardinal's agent at the time of the accident.
Generally, in cases where evidence regarding agency is in dispute, the question of whether an agency relationship existed is one for the jury. Shelby v. Zayre Corp., 474 So.2d 1069 (Ala.1985). Also, once the trial court directs a verdict for a party, as it did in the present case, the standard of review is the "scintilla rule." This court, therefore, must view the evidence and all reasonable inferences therefrom in a light most favorable to the nonmoving party to determine whether a scintilla of evidence exists to support the theory of the plaintiff's complaint. Basin Coal Co. v. Gulledge, 470 So.2d 1258 (Ala.Civ.App.1985). Under our scintilla rule, issues in civil cases must be submitted to the jury if the evidence, or any reasonable inference therefrom, produces the merest gleam, glimmer, or spark to support them. Handley v. City of Birmingham, 475 So.2d 1185 (Ala.1985).
In order for a party to establish a defendant's liability based upon a theory of respondeat superior, it is essential that that party prove the alleged agent's act was committed within the scope of the agent's employment. See, Hays v. Deaton Truck Line, 264 Ala. 442, 87 So.2d 825 (1956). The record fails to disclose any evidence tending to create even an inference that defendant Dale Westbrook's return trip from Atlanta to his home in Summerville, Alabama was a mission in furtherance of his employment with Cardinal. See, Thomas v. Hubbert, 280 Ala. 302, 193 So.2d 746 (1966). In absence of proof either that Cardinal contemplated Dale's return trip to constitute part of his employment or that the employment agreement between the Westbrooks and Cardinal envisioned such a return trip to be an aspect of Westbrook's employment, Cardinal cannot be liable under *485 the doctrine of respondeat superior. See, Cook v. Fullbright, 349 So.2d 23 (Ala. 1977). Since the plaintiffs failed to offer any proof that Dale Westbrook was acting within the scope of his employment at the time of the accident, we must affirm the lower court's entry of a directed verdict for defendant Cardinal.
For the reasons noted above, the judgment of the trial court is reversed with respect to its refusal to admit plaintiff Hicks' hospital bills into evidence. The trial court is affirmed, however, with respect to its entry of a directed verdict for defendant Cardinal Transport.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.

ON APPLICATION FOR REHEARING
BRADLEY, Presiding Judge.
Defendants Dale and Bobby Westbrook's application for rehearing seeks this court's reconsideration of its January 16, 1987 opinion. The defendants also request, pursuant to Rule 39(k), Alabama Rules of Appellate Procedure, that this court correct certain statements of fact contained in its earlier opinion.
Our January 16 opinion stated that the defendants stipulated to both the reasonableness and the necessity of the hospital expenses in question. The record reflects that the defendants admitted that the hospital expenses were reasonable and customary but denied that the hospital expenses were necessarily incurred as the result of the injuries suffered in the automobile accident. Our original opinion is corrected to reflect this state of the record.
The defendants thus ask this court to vacate and set aside that portion of its January 16 opinion reversing the trial court's refusal to admit plaintiff Hicks's hospital bills into evidence.
As stated in our original opinion, a review of the record disclosed evidence that at least some of the expenses, all of which were contained in plaintiffs' exhibit number 25, were necessary for the treatment of plaintiff Marjorie L. Hicks's depression. Moreover, there is conflicting testimony in the record regarding whether the accident in question contributed to plaintiff Hicks's depression.
Since the record reveals evidence regarding both the reasonableness and the necessity of the expenses in question, the plaintiffs presented a jury question on at least some of the expenses contained in exhibit 25.
The defendants contend, however, that our January 16 decision should be vacated because the plaintiffs failed to prove both the reasonableness and the necessity of all of the disputed expenses contained in plaintiffs' exhibit 25. However, where physical evidence, documents, or exhibits contain objectionable matter or references which can be separated from the admissible evidence, the objectionable matter may be deleted and the remainder of the evidence admitted. Banner Welders, Inc. v. Knighton, 425 So.2d 441 (Ala.1982). In the present case the trial court could have admitted the admissible portions of the exhibit and deleted the inadmissible portions of the exhibit. See, Banner Welders, Inc. v. Knighton, supra. Alternatively, the trial court could have admitted the entire exhibit with a limiting instruction instructing the jury that it could only consider the admissible portions of the exhibit. See, Sims v. Struthers, 267 Ala. 80, 100 So.2d 23 (1957). The defendants, however, failed to request that the trial court either delete or exclude the objectionable evidence from the admissible evidence contained in exhibit 25. Central of Georgia Railway v. Steed, 287 Ala. 64, 248 So.2d 110 (1971). Thus, the trial court erred in excluding all of the evidence contained in exhibit 25.
Since the trial court improperly excluded the disputed hospital expenses from the jury, defendants' application for rehearing is denied.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED.
*486 HOLMES, J., concurs.
INGRAM, J., not sitting.