Willard Nichols filed this action against Stephen Glenn Perryman as a result of an automobile accident that occurred in March 1989. Following a jury trial, a verdict was returned for Nichols in the amount of $2,500. Nichols moved for a new trial based on the inadequacy of damages. The motion was denied. Nichols appeals.
On appeal Nichols questions the adequacy of the damages, an alleged evidentiary error by the trial court, and the constitutionality of the current law on additur. The only issue properly raised for our consideration is the adequacy of damages. In Alabama, the party who prevailed in the trial court can appeal only on the adequacy of the damages awarded.Cleveland v. Gilbert, 473 So.2d 1075 (Ala.Civ.App. 1985).
Concerning the damages, Nichols insists that the jury failed to fully compensate him for the pain and suffering he incurred as a result of the accident. He consequently argues that the trial court erred in refusing to order a new trial.
The record reflects that Perryman's vehicle collided with the rear of Nichols's truck, while Perryman's vehicle was traveling at a high rate of speed. The resulting collision knocked the truck 50 to 60 feet across the street. Nichols sustained lacerations to his face and head. He was treated by paramedics on the scene and transported by ambulance to the hospital. It took several hours for the doctors to remove imbedded glass from his scalp. He received 29 stitches. He was not confined overnight in the hospital. He missed one week from work, which cost him $400 in lost wages. Nichols testified that he was extremely sore for a week after the accident and that he was very nervous and had trouble sleeping for approximately six weeks after the accident. There was no medical testimony. There was no claim for property damage.
The assessment of damages is a matter within the jury's discretion. Posey v. McCray, 594 So.2d 152
(Ala.Civ.App. 1992). Where liability is established, the assessment must include an amount at least as high as the uncontradicted special damages, as well as a reasonable amount as compensation for pain and suffering. Posey. A jury verdict is presumed correct on appeal. That presumption is strengthened when a motion for new trial has been denied. Posey.
The only proven expenses incurred by Nichols were $400 in lost wages. It is conceivable that the excess of damages ($2,100) was awarded as compensation for Nichols's pain and suffering.
From our review of the record, we cannot say that the jury abused its discretion. The trial court's denial of Nichols's motion is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 638 
[EDITORS' NOTE: THE OPINION ORIGINALLY APPEARING ON THIS PAGE WAS WITHDRAWN AT THE REQUEST OF THE COURT.] *Page 639 
[EDITORS' NOTE: THE OPINION ORIGINALLY APPEARING ON THIS PAGE WAS WITHDRAWN AT THE REQUEST OF THE COURT.] *Page 640