HOOPER, Chief Justice.
On November 6, 1991, Willia Dean Lawrence Sewell sued Thomas Webb and the Weyerhaeuser Company, Inc., alleging thát Webb and Weyerhaeuser had unlawfully entered 37 acres of land and cut down or otherwise destroyed trees, saplings, seedlings, shrubs, and other plant life. Sewell sought $100,000 in compensatory damages, claiming that Webb and Weyerhaeuser’s trespass had damaged the land. Sewell also sought $500,000 in punitive damages, claiming that the defendants’ conduct had been willful, wanton, oppressive, or reckless.
At the close of the evidence, the trial court directed a verdict in favor of Sewell. The jury awarded Sewell $35,000 in compensatory damages and $10,000 in punitive damages. Sewell filed a post-trial motion for a new trial and additur. After conducting a hearing, the trial codrt denied the plaintiffs motion.
Sewell appealed to the Court of Civil Appeals, raising two issues: (1) Whether the trial court abused its discretion and thereby erred in denying her challenges for cause as to three prospective jurors; and (2) Whether the trial court abused its discretion and erred to reversal in failing to set aside the jury’s punitive damages verdict and in not granting a new trial. The Court of Civil Appeals held that the trial court had abused its discretion by not granting Sewell’s motions to strike the three jurors for cause. Sewell v. Webb, 702 So.2d 1222 (Ala.Civ.App.1995). We granted the defendants’ petition for certiorari review.
Before this Court can address the issue of the challenged jurors, it must consider a preliminary question of procedure. Should the Court of Civil Appeals have addressed this issue at all? Sewell, the plaintiff, prevailed in the trial court; it was she who on appeal raised the issue of the challenged jurors. Alabama caselaw is clear that a party who prevailed in the trial court can appeal only on the issue of adequacy of damages awarded. DeBardeleben v. Tynes, 290 Ala. 263, 276 So.2d 126 (1973); Beatty v. McMillan, 226 Ala. 405, 147 So. 180 (1933); Nichols v. Perryman, 615 So.2d 636 (Ala.Civ.App.1992); Cleveland v. Gilbert, 473 So.2d 1075 (Ala.Civ.App.1985). We, therefore, reverse the judgment of the Court of Civil Appeals.
In Nichols, supra, the jury returned a verdict for the plaintiff, who then moved for a new trial based an alleged inadequacy of the damages award. The motion was denied. On appeal, the plaintiff raised three issues— one relating to the claimed inadequacy of the compensatory damages; one relating to evidence; and one relating to the constitutionality of the law prohibiting additur. The Court of Civil Appeals held that because the plaintiff had prevailed in the trial court, the only issue that could be considered on appeal was the adequacy of the compensatory damages. Nichols, 615 So.2d at 637.
Sewell prevailed in the trial court. Therefore, the issue whether the trial court erred in failing to strike the three jurors for cause was improperly considered by the Court of Civil Appeals. Sewell also moved for a new trial on the basis that the jury’s punitive damages award of $10,000 was against the weight of the evidence. Sewell claims the defendants acted wantonly and/or willfully, and, therefore, that the punitive damages award should be higher. After a hearing on the motion for a new trial, the trial judge denied her motion. On appeal, Sewell claimed the case should be remanded for a hearing pursuant to Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), because the trial court failed to set forth in the record its reasons for denying her motion for a new trial. The Court of Civil Appeals stated that if it were not reversing the judgment because of the trial court’s ruling regarding the chai- *1229 lenged jurors, then it would have remanded for a Hammond hearing.
There is no need for the trial court to hold a Hammond hearing.
“Since Hammond, we have noted that it was never our intention to automatically remand every case in which excessiveness was at issue. State v. McCurdy Concrete, Inc., 507 So.2d 403 (Ala.1986). "Where the record on appeal is sufficient for this Court to review the excessiveness issue, a Hammond remand is not necessary.”
Lowder Realty Co. v. Sabry, 542 So.2d 1240, 1242 (Ala.1989). Sewell’s argument here is not that the punitive damages award was excessive, but that it was inadequate. A party does not have a right to a Hammond hearing on the question of the adequacy of punitive damages. In regard to punitive damages, the purpose of the Hammond hearing is to protect a defendant against due process violations arising from an award of excessive damages. “[T]he purpose of punitive damages is not to compensate the plaintiff but to punish the wrongdoer and to deter the wrongdoer and others from committing similar wrongs in the future.... ” Green Oil Co. v. Hornsby, 539 So.2d 218, 222 (Ala.1989). See also Life Insurance Co. of Georgia v. Johnson, 684 So.2d 685 (Ala.1996), rev'd on other grounds, — U.S. -, 117 S.Ct. 288, 136 L.Ed.2d 207 (1996); Adams v. Robertson, 676 So.2d 1265, 1291 (Ala.1995); Meighan v. Birmingham Terminal Co., 165 Ala. 591, 51 So. 775 (1910); Comer v. Age-Herald Publishing Co., 151 Ala. 613, 44 So. 673 (1907). The judgment of the Court of Civil Appeals is reversed and the cause is remanded for that court to reinstate the judgment of the trial court.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON, and COOK, JJ., concur.
BUTTS, J., dissents.