LYONS, Justice.
Donald J. Vincent sued First Alabama Bank (hereinafter “First Alabama”) and his former wife, Betty Jo Vincent (hereinafter “ex-wife”), seeking damages based on allegations of negligence, breach of contract, conversion, and wantonness, all resulting from First Alabama’s allowing the ex-wife unauthorized access to two safe-deposit boxes held by Vincent, one at First Alabama’s Brookwood branch and the other at its Bessemer branch. Vincent alleged that his ex-wife wrongfully gained access to the safe-deposit boxes and stole $500,000 in cash that he says was in the boxes. A jury returned a verdict in Vincent’s favor for $10,000 on his negligence claim.
Vincent moved for a new trial on the following grounds: (1) that the jury had awarded him inadequate damages; (2) that the trial court had improperly excluded from evidence a document that he says could have proved he was entitled to more in damages than the jury awarded; and (3) that the trial court had improperly denied his challenge of a prospective juror pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court denied his new-trial motion. The Court of Civil Appeals affirmed. See Vincent v. First Alabama Bank, 770 So.2d 86 (Ala.Civ.App.1998). We granted certio-rari review.
Before the Court of Civil Appeals, Vincent contended that the trial court had erred in denying his motion for a new trial, making the same arguments he had presented to the trial court. In affirming, the Court of Civil Appeals held that the evi-dentiary issue and the Batson issue were not properly before it because those issues did not relate to the adequacy of the damages. In so holding, the court cited Nichols v. Perryman, 615 So.2d 636 (Ala.Civ.App.1992), and Ex parte Weyerhaeuser Co., 702 So.2d 1227 (Ala.1996), for the proposition that “a party who prevailed in the trial court can appeal only on the issue of adequacy of damages awarded.” 702 So.2d at 1228. We granted certiorari review to consider the issue regarding the exclusion of the document. Based on that issue, we reverse and remand.
Vincent argues that the Court of Civil Appeals should have considered the evi-dentiary issue, because, he argues, the excluded document directly affected the question of adequacy of the damages. In support of his argument, Vincent cites Hicks v. Westbrook, 537 So.2d 482, 483 (Ala.Civ.App.1987), reversed in part on other grounds, 537 So.2d 486 (Ala.1988), which holds that an appellate court will consider an argument alleging evidentiary error at trial when it amounts to a challenge to the adequacy of the jury verdict. See, also, Dare Productions, Inc. v. State, 574 So.2d 847, 849 (Ala.Civ.App.1990) (holding that a plaintiff who wins at trial may appeal only those issues that concern the amount of damages the plaintiff recovered); Holloway v. Henderson Lumber Co., 203 Ala. 246, 82 So. 344 (1919) (holding that the only rulings a victorious plaintiff can appeal are thosá rulings affecting the amount of the recovery).
The Court of Civil Appeals correctly stated the rule that in Alabama a victorious plaintiff may appeal only as to the adequacy of damages. See Nichols, 615 So.2d at 637. However, this rule should not be applied to prevent Vincent from arguing that improperly excluded evi *94 dence affected the amount of the damages awarded. The proffered document appears to be a ledger, in the ex-wife’s handwriting, that chronicles tens of thousands of dollars paid to various individuals. Vincent argues that the trial court’s exclusion of the ledger may well have affected the amount of damages awarded to him. We conclude that had the jury been given the opportunity to view the ledger, there is a reasonable possibility that it might have awarded Vincent a substantially larger amount. Thus, the exclusion of the document may have affected the damages awarded to Vincent. The Court of Civil Appeals should have considered Vincent’s argument regarding the exclusion of that document as a challenge to the adequacy of damages.
We now consider whether the document was wrongfully excluded. Donald M. Jones, the ex-wife’s son, testified during trial that on June 4, 1991, at his mother’s request, .he drove her to the Brookwood .and Bessemer branches of First Alabama. Jones said that he first drove his mother to the Brookwood branch, where she went into the bank and stayed for approximately 10 to 15 minutes while he waited for her in the car. Jones then stated that after his mother returned from inside the first bank, she directed him to drive her to the Bessemer branch. Jones testified that he again waited in the car at the Bessemer branch while his mother spent approximately 10 to 15 minutes inside. Jones further testified that his mother was wearing dark glasses and a scarf over her head and was carrying an oversized handbag on the day she entered the two banks.
The fact that the: ex-wife entered the two banks on June 4, 1991, was uncontested. In her deposition, which was read at trial, the ex-wife admitted that she had misrepresented herself as Joy Dodge, Vincent’s sister, to gain access to the safe-deposit boxes. The ex-wife stated in her deposition that she did open the safe-deposit boxes, but that she did nothing more than simply count the money that was inside.
Jones went on to tell the jury about his mother’s unusual spending habits following her visit to the banks. He testified that she made several trips to Europe, spent $10,000 on portraits, purchased new vans, and put $25,000 in certificates of deposit. While Jones was still on direct examination, Vincent’s attorney showed Jones a document and asked if he recognized the writing on the document as that of his mother. Jones stated that he was familiar with his mother’s handwriting because she had worked for him, and he testified that he recognized the writing as hers. The proffered document was a page torn from a notebook; the page appeared to be a ledger of payments made by the ex-wife to various individuals. The ledger indicated that the payments began on June 4, 1991, the same date that the ex-wife visited the two banks. Vincent’s attorney asked that the document be entered into evidence as an “admission” by the ex-wife, but the opposing attorney objected. The trial court sustained the objection.
The record reflects the following exchange between the court and Vincent’s attorney regarding the introduction of the ledger:
“THE COURT: I am going to sustain. There has also been identification of her handwriting, and in this case this would be a violation under Rule 403 [Ala. R. Evid.] of introducing matters that are purported in her handwriting [sic],
“MR. PRINCE [Vincent’s attorney]: Let me be heard. I am offering it as an admission against Betty [ex-wife] because it purports to be a listing made by her and all begins on the same day.
“THE COURT: I don’t know what it purports. There is not a year.
“MR. PRINCE: I think there is an inference.
“THE COURT: I think the jury would have to speculate and the inferences they might draw would be prejudicial to *95 the extent it would outweigh probative value because there has been such testimony that it is her handwriting as such, and there’s been evidence that she signed Joy Dodge’s name.
“MR. PRINCE: I am not offering it as a handwriting. She kept records of cash money she spent after going into the box.
“THE COURT: Sustain the objection. It is without prejudice to review it if she takes the stand later.”
Later in the trial, Vincent’s attorney again attempted to have the document offered into evidence. The record reflects the following concerning the second attempt:
“MR. PRINCE: I would like to revisit Exhibit 17. As I understood, one of the court’s reasons for that was that there was no date on it, and I would point out to the court this: After her son has testified, there is a reference on here to loans to Sterling Services. He testified she worked for him at a designated time period, you know, and I think that ties back to a time in lieu of a year, and, therefore, we reoffer this. We think it is highly probative on her state of mind. She kept a record. It is an admission of cash payment. That is our argument. It may not be. It is offered into evidence.
“THE COURT: I have no other identification of what it is or whether this is part of a multi-page document. The reproduction indicates it’s a page of a spiral notebook. My difficulty is that he was sort of vague about dates that she worked there. He covered a period of time. It could be both before and after the incident pertinent to this. And I think the other materials on there could be prejudicial to the extent they could outweigh relevance. It wasn’t identified other than this looks like your mama’s handwriting. And then here we have some dates [sic] up here, that total 77. The only thing I could understand to be a date there indicated is [6/4] and [6/5]. And the rest of them are [6/6], [6/13], so forth on down. I don’t know what those dates mean. June? And if so, when the account was opened, when it matures? It is speculative.
“MR. PRINCE: Wouldn’t that go to the weight?
“THE COURT: I don’t know. I have got ‘Micky, 1,000.’ What does that mean?
“MR. PRINCE: It’s got ‘Barnhill,’ too. That is her daughter.
“THE COURT: It’s got ‘Barnhill, $5,000.’ What does that mean, Pam owes me five thousand dollars or I owe her, I am going to leave her five thousand?
“MR. PRINCE: If you are not going to let it in, you are not. It doesn’t do me any good to argue with you.
“THE COURT: I always keep an open mind, but I am not going to let it in.
“MR. PRINCE: Seems to me that would be argument the defense could make. We say no, no, that is a cash transaction.
“THE COURT: Sustain the objection to both of those exhibits.”
When considering the trial court’s ruling, this Court must decide whether the trial court abused its discretion in excluding the proffered document. See State Farm Mut. Auto. Ins. Co. v. Griffin, 51 Ala.App. 426, 286 So.2d 302 (Ala.Civ.App.1973). It appears from the record excerpt quoted above that the trial court’s reason for excluding the ledger was based upon Rule 403, Ala. R. Evid. The trial court’s ruling that the document was inadmissible because it “could be prejudicial to the extent [it] could outweigh relevance” was not consistent with Rule 403. Mere prejudice is not a basis for exclusion under Rule 403, because evidence can be harmful, yet not unfairly prejudicial. State v. Parker, 740 So.2d 421 (Ala.Crim.App.1996), reversed on other grounds, 740 So.2d 432 (Ala.1999). The proper test for determining whether relevant evidence has been properly excluded under Rule 403 is *96 to determine whether “its probative value is substantially outweighed by the danger of unfair prejudice.” (Emphasis added.) McElroy’s Alabama Evidence clarifies the Rule 403 standard by stating: “This principle does not empower the trial judge to exclude evidence simply because it is prejudicial or because its prejudice outweighs its probative value. Rather, exclusion is merited only when the prejudice substantially outweighs the probative value.” Charles W. Gamble, McElroy’s Alabama Evidence, § 21.01(4) (5th ed.1996) (footnotes omitted) (emphasis original).
“Unfair prejudice” under Rule 403 has been defined as something more than simple damage to an opponent’s case. Dealto v. State, 677 So.2d 1236 (Ala.Crim.App.1995). A litigant’s case is always damaged by evidence that is contrary to his or her contention, but damage caused in that manner does not rise to the level of “unfair prejudice” and cannot alone be cause for exclusion. Jackson v. State, 674 So.2d 1318 (Ala.Crim.App.1993), reversed in part on other grounds, 674 So.2d 1365 (Ala.1994). “Prejudice is ‘unfair’ if [it] has ‘an undue tendency to suggest decision on an improper basis.’ ” Gipson v. Younes, 724 So.2d 530, 532 (Ala.Civ.App.1998), quoting Fed.R.Evid. 403 (Advisory Committee Notes 1972). See, also, Rule 403, Ala. R. Evid. The proffered document could have harmed the defendants’ case only to the extent that it was evidence that conflicted with the ex-wife’s contention that she did not take any money from the boxes. This potential harm, however, did not rise to the level of “unfair prejudice,” because it would not have moved the jury to decide the case on an improper basis. Without having seen the ledger, the jury determined that the ex-wife took money from the boxes. The ledger merely tended to prove the amount of money taken.
The ledger was “relevant evidence” as that term is defined by Rule 401, Ala. R. Evid. That is, the ledger had the “tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Rule 401. See National States Ins. Co. v. Jones, 393 So.2d 1361, 1365 (Ala.1980) (Alabama’s liberal test of relevancy calls for admission of a matter with any probative value at all). The issue at trial was whether the ex-wife had removed $500,000 in cash from Vincent’s safe-deposit boxes. The jury found that the ex-wife had, in fact, taken money from the boxes, but it awarded Vincent only $10,000 in damages. Certainly, a ledger in the ex-wife’s handwriting documenting a señes of large payments of money, payments that arguably began on the same day she visited the two banks, was highly probative on the question whether, as Vincent alleged, she had taken more than $10,000 from the boxes. Thus, we conclude that the ledger had probative value that was not substantially outweighed by any potential for unfair prejudice.
Because the proffered document was admissible and should have been considered by the jury, the trial court should have granted Vincent’s motion for a new trial. Accordingly, we reverse the judgment of the Court of Civil Appeals and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and COOK, BROWN, and JOHNSTONE, JJ., concur.
MADDOX and HOUSTON, JJ., recuse themselves.